CASE 56—INDICTMENTS—FEBRUARY 20.

# Kirkpatrick v. Commonwealth.
# Williams v. Commonwealth.
# Green v. Commonwealth.

APPEALS FROM HARDIN CIRCUIT COURT.

1. REPEAL OF STATUTE—LOCAL OPTION.—An act approved May 5, 1884, making it unlawful to sell liquor in Hardin County, which took effect upon its ratification by the voters of the county at an election held for that purpose, as provided by the act, was not repealed by an act approved March 15, 1890, entitled "An act resubmitting to the voters of Hardin County the question as to whether or not spirituous, vinous or malt liquors shall be sold in said county," the latter act, which provided for a vote by magisterial districts, being intended merely as an amendment to the act of May 5, 1884, it being manifest that it was the intention that the act of 1884 should continue in force, except in such districts as might under the act of March 15, 1890, vote in favor of the sale of liquor. But even if that intention did not appear from the act itself, an act passed May 22, 1890, and at the same session, expressly amending the act of 1884, is sufficient to show that the Legislature did not by the act of March, 1890, intend to repeal the act of 1884.

Kirkpatrick v. Commonwealth.

·2. RE-ENACTMENT OF STATUTE.—Even if the act of 1884 was repealed
by the act of March, 1890, as the act of May 22, 1890, shows that it
was the intention to amend it merely, the court will, in order to effect-
uate that intention so clearly expressed, treat the act of May 22, 1890,
as re-enacting the act of 1884.

W. R. HAYNES FOR APPELLANTS.

Brief not in record.

W. J. HENDRICK, ATTORNEY-GENERAL, AND J. S. SPRIGG FOR
APPELLEE.

The act of May 5, 1884 (Acts 1884, vol. 2, p. 901), was not repealed by the
act of March 15, 1890. (Acts 1889–90, vol. 1, p. 696.)

CHIEF JUSTICE BENNETT DELIVERED THE OPINION OF THE COURT.

These three cases involve the same question and will
be considered together. The appellants, as druggists,
were indicted and fined for selling whisky in violation of
the local option law for Hardin County, Ky., which was
·enacted on May 5, 1884. The appellants contend that
the law of May 5, 1884, was repealed by the act of March
15, 1890. If it be true that the act of March 15, 1890,
repealed the act of May 5, 1884, and that the act of 1884
was not re-enacted, then the cases ought to be reversed;
if not, they must be affirmed.

On May 5, 1884, the Legislature passed an act author-
izing Hardin County, by vote, to prohibit the sale of
whisky in the county. Pursuant to the authority given,
the county, by vote, did prohibit the sale of whisky within
its boundary. The act also prescribed a penalty for vio-
lating its provisions of not less than one hundred nor
more than five hundred dollars. The appellants were
fined for violating this law. The question is, did the act
·of March 15, 1890, repeal this act? The title of the act
·of March 15, 1890, is as follows: "An act resubmitting
to the voters of Hardin County the question as to whether
or not spirituous . . . liquors shall be sold in said county."

The act then provides that the vote upon the question shall be taken by magisterial districts, and upon any magisterial district voting against prohibition, the county judge of the court shall issue a license to applicants to sell whisky in the district upon their complying with the State law in that regard. It also provides that in the districts voting prohibition the county judge shall not grant a license to sell whisky therein. The said act does not provide any punishment or penalty for violating its provisions. It is contended that this fact should exercise no controlling influence in determining the question as to whether or not said act of 1890 repealed the act of 1884 or only amended it so as to allow a vote by districts as to whether or not prohibition should continue therein.

It is true that if the prohibition law of the district fixes no penalty for its violation, then the penalty fixed by the general law for like offenses would be the criterion of recovery. But the act also provides that if the majority of the votes cast in any district shall be against prohibition, the county judge shall grant license in said district to sell whisky, etc.

Now the act makes it essential to the right to sell whisky in any district of the county that the local option established by the law of 1884 be repealed by a vote of that district. To illustrate: Suppose there had not been a district election held under the law of 1890, can there be any doubt that the law of 1884 would have prevailed in such district, notwithstanding the act of 1890? because the act of 1890 authorizes the county judge to issue a license in that district upon the condition only that the people of the district vote to repeal the law therein, whereas, if the act of 1890 of itself repealed the act of

1884, licenses could be granted in any district that failed to vote on the question. But aside from this, we think the act of May 22, 1890, shows conclusively that the act of 1884 was only amended by the act of March 15, 1890, and not repealed.

The title of the act of May 22, 1890, provides that the act of 1884 be amended. Section 1 of said act provides that the act of 1884 be amended by adding thereto the following provisions, etc. It then provides that the provisions that are amendatory of the act of 1884 shall not be in force in any magisterial district which shall vote against prohibition under the act of March 15, 1890, re-submitting the question as to whether whisky could be sold therein. Now, we think it is clear the act of March 15, 1890, was only an amendment to the act of 1884, the intention of which was to resubmit the matter of prohibition, which existed in the whole county, to the magisterial districts of the county, in order that any district that desired the sale of whisky might vote for it, but in the districts that did not desire to make the change, the law of 1884, with its penalties, remained in force. But if we are mistaken in this, we feel certain that the act of May 22, 1890 (passed at the same session), was an attempt to amend the act of 1884, and to continue the same in force. But if it be a fact that the act of 1884 was repealed by the act of March 15, 1890, the Legislature had the right to thereafter re-enact the law of 1884, and the amendments of May 22, 1890, certainly had that effect.

At the time the act of May 22d was passed, the Legislature had the power to amend or readopt a previous act by its title. Here the title not only amends the act of 1884, but in the body of that act the act of 1884 is ex-

pressly amended by adding new provisions. Therefore, whatever we may think as to the repeal of the act of 1884 by the act of March 15, 1890, we are bound to conclude that the Legislature did not intend to repeal it, but only to amend it, and that the act of May 22, 1890, clearly expresses that intention; and in order to effectuate that intention, so clearly expressed, we should regard the act of May 22, 1890, as re-enacting the act of 1884 rather than defeat the expressed will of the Legislature.

The judgments are affirmed.