CASE 33—PETITION EQUITY—APRIL 23.

# Commonwealth v. Hardin County Court.

APPEAL FROM HARDIN CIRCUIT COURT.

1. ENROLLED BILL—EMERGENCY CLAUSE.—A bill properly enrolled and signed by the presiding officers of the two Houses and the governor, will be presumed conclusively to have been enacted into law in the manner prescribed by the Constitution, and the courts will not inquire into the manner of its passage by reference to the journals of the Houses; and the emergency clause being a part of the enrolled bill, its validity will be determined in the same way.

2. LOCAL OPTION—ELECTION IN TOWN.—Under the provisions of the act of August 6, 1892, known as the "Local Option Law," it was proper to submit to the voters of a town the question whether liquors should be sold therein, notwithstanding the town was a part of a magisterial district in which local option was then in force under a vote authorized by a local act.

3. SAME.—And the fact that there was submitted at the same time a proposition as to whether the local option law then in force in the magisterial district should become inoperative in so far as it applied to the town which was a part of the magisterial district, does not invalidate the election on the other proposition, although the submission thereof was unauthorized.

SPRIGG & CHELF, J. H. VANMETER, HOBSON & O'MEARA AND

W. J. HENDRICK FOR APPELLANT.

1. The "Local Option Law" was never passed, as required by the Constitution, and is, therefore, not a law. (World's Fair Case, 14 Ky. Law Rep., 529; Constitution, sec. 46.)

2. There was no authority of law for submitting the question as to whether the local option law of Hardin county should be inoperative as to *Elizabethtown*, and the election was therefore void. (Commonwealth v. King, 86 Ky., 436.) ·

3. The emergency clause of the local option law was not adopted as required by the Constitution, and the act therefore could not

Commonwealth v. Hardin County Court.

have gone into effect for ninety days after the final adjournment of the legislature, and the election in this case was held before that time, and is, therefore, void.

W. R. HAYNES FOR APPELLEE.

(No brief in the record.)

JUDGE LANDES DELIVERED THE OPINION OF THE COURT.

This was an action in the Hardin Circuit Court for a "writ of prohibition" against the appellees, the Hardin County Court and the county judge of said county, and to restrain the county judge from entering or spreading upon the records of said court a certificate of the canvassing board of elections of said county, showing the result of an election held in the town of Elizabethtown on the 10th day of December, 1892, upon the propositions submitted to the voters of the town "whether spirituous, vinous and malt liquors should be "sold, bartered or loaned" within the corporate limits of said town, and whether the prohibition law in force in Hardin county, Kentucky, shall become inoperative so far as it affects "the said town." The petition also sought to restrain the county judge "from granting license to sell said liquors in Elizabethtown."

These propositions were submitted to the voters of the town by the order of the county judge in pursuance of the provisions of the local option law, approved August 6, 1892 (chapter 89 of the Session Acts of 1891-2-3, page 214), and the result of the said election, as evidenced by the certificate of the canvassing board, was that a majority of the votes cast in favor of the sale, etc., of liquors in the town, and that the prohibtion law in force in Hardin county should become inoperative so far as it affected the town. On final hearing the lower court adjudged that the local

option law of August 6, 1892, was valid; denied the writ of prohibition and dismissed the petition, and from that judgment this appeal is prosecuted.

It is earnestly and ably argued by the learned counsel of the appellant that the act of August 6, 1892, was not passed in accordance with the provisions of the Constitution, and is, therefore, invalid; but that, if the act was properly passed, the "emergency clause" was not adopted in the manner required by the Constitution, and that, therefore, the law did not go into effect until ninety days after the adjournment of the session of the Legislature at which it was passed, as provided in section 55 of the Constitution, and, consequently, was not in force when the propositions were submitted and voted on.

The same question respecting the validity of the act of August 6, 1892, was raised in the case of Lafferty, &c. v. Huffman, &c., *ante*     In that case it was held that the court could not go behind the enrolled bill, and, by tracing out, in the Journals of the two Houses of the General Assembly, the legislative history of the bill, ascertain whether or not it was passed in pursuance of the provisions of the Constitution on the subject, but that on that question this court was bound by the evidence furnished by the certificates on the enrolled bill of the presiding officers of the two Houses, and the approval of the governor, that the bill had been enacted into a law in the manner prescribed by the Constitution. We adhere to the opinion in that case. There, however, no question was raised as to the validity of the "emergency clause;" but that clause is a portion of the enrolled bill as certified—a distinct section of the act as approved and promulgated—and its validity must be determined in the same way and upon the same evidence

that the validity of the other parts or sections of the act is determined, and we hold that it became valid and effective as a part of the whole act, and that by its operation the act went into effect upon the date of its approval by the governor.

The next contention is that the act did not authorize an election in Elizabethtown to make the Hardin county prohibition law inoperative so far as it affected the town. What is known as the "Hardin County Prohibition Law" was passed on the 5th day of May, 1884 (Session Acts, 1883-4, volume 2, page 901), under which, upon the vote of the people of the whole county on the 1st Monday in August, 1884, the sale of liquor was prohibited in that county. Afterwards, by an act approved March 15, 1890 (Session Acts, 1889-90, volume 1, page 696), the question was resubmitted to the people of the county by magisterial districts, at one election, held on the 10th day of May, 1890, and the sale of liquor was by that vote prohibited in all of the districts of the county except one, including the district, as then existing, which embraced the town of Elizabethtown, and no subsequent vote was taken in any part of the county under said acts.  Prohibition was, therefore, in force in the whole county, save one magisterial district, at the time the present Constitution and the act of August 6, 1892, went into effect.      (Kirkpatrick v. Commonwealth, 95 Ky., 326.)

By section *one* of that act, provision was made for taking the sense of the qualified voters of any county, city, town, district or precinct on the proposition "whether or not spirituous, vinous or malt liquors shall be sold, bartered or loaned therein, or whether or not any prohibition law in force in any county, city, town, district or precinct, by virtue

of any general or special act or acts shall become inoperative." And it was further provided in the same section that "counties, cities, *towns*, districts and precincts in which the sale, barter or loan of spirituous, vinous or malt liquors *are now prohibited*, may have a vote thereon under the provisions of this act." The contention of the learned counsel is that, under the provisions quoted from the act, the county judge had no constitutional authority to submit the question to the qualified voters of the town of Elizabethtown, whether the prohibition law of Hardin county, then in force in the magisterial district embracing the town by virtue of the vote under the act of March 15, 1890, should become inoperative in the town because the prohibition in force in the town was not effected by the voters of the town as such, but by the voters of the magisterial district. We are not prepared to say that the submission of the proposition in that form alone was authorized by section 61 of the Constitution, by which it was made the duty of the General Assembly to provide some means, by general law, "whereby the sense of the people of any *county, city, town, district or precinct* may be taken as to whether or not spirituous, vinous or malt liquors shall be sold, bartered or loaned *therein*, or the sale regulated." But it will be observed that the act of August 6, 1892, expressly provided for submitting the proposition relating not only to original prohibition, but also relating to then existing prohibition under "any general or special act or acts," and not only to the voters of districts, but also to the voters of precincts, *cities and towns*, without regard to whether, in the case of existing prohibition, it had been effected and made operative in city, town or precinct by the vote of the whole district or otherwise. In this case both propositions were submitted

to and voted upon by the voters of the town at one election, and we hold that the vote on the former in favor of the sale of liquor in the town had the same effect, under the Constitution, to render prohibition, then in force in the town by virtue of the vote under the special act in the magisterial district, inoperative as if it had been voted upon alone. The coupling of the latter proposition at the election with the former did not invalidate or render ineffectual the vote upon the former, although the latter may not have been authorized by the Constitution.

We do not undertake to decide here, as the question is not before us on this record, whether or not prohibition, effected under the act of August 6, 1892, or under any other act passed in pursuance of section 61, of the Constitution, by the vote of the.people of any county, or of any city or town or other subdivision of a county, as a whole, could be made inoperative in any subordinate or minor part or subdivision less than the whole of the territory in which prohibition has been so effected by the vote of the qualified voters residing in such subordinate or minor subdivision. But we hold that it is the express requirement of the Constitution that the matter of what is called local option shall be provided for by general law, under which the people of the State, acting in their local divisions and subdivisions named in the Constitution, shall have the right to regulate and settle the matter for themselves. A new order of things is provided for by the Constitution, by which it is intended eventually, by general law, to do away with all local or special laws previously enacted on the subject. And while the Constitution does not, by its own force, repeal any "local option" law in existence at the time of its adoption, it does not forbid the repeal of such laws by

the General Assembly. On the contrary, it expressly authorizes the repeal of "local or special acts." (Constitution, section 60; Brown v. Commonwealth, 34 S. W. Rep., 12.) And in this case the vote of a majority of the qualified voters of the town of Elizabethtown voting at the election held on the 10th day of December, 1892, in favor of the sale, barter or loan of spirituous, vinous or malt liquors in the town, had the effect to render the Hardin county prohibition law inoperative within the limits of the town.

Finding no error, the judgment of the lower court is affirmed.