## Vogt v. Beauchamp, et al.

(Decided March 20, 1913.)

### Appeal from Jefferson Circuit Court (Chancery Branch, Second Division).

1. Constitutional Law—Enrolled Bill—Impeachment.—An enrolled bill, when attested by the presiding officers of the two houses of the General Assembly, as required by law, is conclusive of the regularity of the steps taken in its passage, and cannot be impeached by the journals of either house, or by a memorandum on the original bill made by the clerk of either house, or in any manner whatsoever.
2. Officers—Incompatibility—Section 165, Constitution.—The office of county commissioner is not incompatible with that of a county judge, within the meaning of Section 165 of the Constitution.

EDWARDS, OGDEN & PEAK and MACE LIEBER for appellant.

W. A. PERRY and A. SCOTT BULLITT for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

The principal question involved on this appeal is the validity of the following act of the General Assembly, which may be found in chapter 139, page 571, Acts 1912:

"Whenever the county judge shall be absent or unable from any cause to attend or hold the county court or preside at any trial or prosecution, he shall appoint and designate by order entered in the order book of the county court, a county judge pro tem. Said county judge *pro tem* shall possess all the qualifications required by law of the regular judge and the regular county judge shall be liable upon his bond for the actions of said appointee; Provided, however, that when either party to any action, motion, application, prosecution or proceeding pending before the county judge, shall file with the

clerk of the county court his affidavit that the judge will not afford him a fair and impartial trial, the parties by agreement, may elect a duly qualified person to preside on the trial or hear the application or hold the court for the occasion; and if any of the parties to said action, proceeding, or prosecution be or are non-resident defendants, who have not entered their appearance, nor have been summoned, or are infant defendants, the attorney appointed to defend for such non-resident or guardian ad litem for such infants, may agree with the other parties to such action, proceeding or prosecution upon a person having all the qualifications of a County Judge to try such action, proceeding or prosecution, provided that if no agreement can be reached then a duly qualified person shall be elected by the members of the bar present and not interested in the cause being heard.''

The question arises in the following manner: On August 7, 1912, the judge of the County Court of Jefferson County, in contemplation of his absence from the county, appointed and designated Mark B. Beauchamp county judge *pro tem* to serve during the absence of the regular judge. Beauchamp assumed the duties of the office, and the clerk of the Jefferson County Court, P. S. Ray, recognizing Beauchamp as judge, proceeded to enter the orders made by Beauchamp on the county court record.

Prior to the Act of March 19, 1912, *supra,* section 1059, Kentucky Statutes, was as follows:

''Whenever the county judge shall be absent, or unable, from any cause, to attend or hold the county court, or preside at any trial or prosecution, or when either party to any action, motion, application, prosecution or proceeding pending before him, shall file with the clerk of the county court his affidavit that the judge will not afford him a fair and impartial trial, it shall be the duty of the county clerk to at once give notice of the fact to the justice of the peace of the county residing nearest to the court house, who shall, upon such notice, hold the court, and a justice who holds the court shall be invested for that purpose with all the powers conferred upon the county judge, and shall, for his services, be paid by the county a reasonable compensation.''

When Beauchamp, under his appointment and designation by the regular county judge, assumed the duties of that office, Andrew P. Vogt, being the justice of the peace

residing nearest the court house, and claiming the right to act as county judge under section 1059, Kentucky Statutes, *supra,* appeared and undertook to assume and perform the duties of county judge. The clerk declining to enter his orders, and the judge *pro tem* declining to yield the office to him, he brought this action against Beauchamp and the clerk to enjoin Beauchamp from performing the duties of county judge, and the clerk from recognizing him and entering his orders, and to require the clerk to recognize plaintiff as acting judge and enter such orders as plaintiff made in matters pending before the county court.

A demurrer was sustained to plaintiff's petition, and he appeals.

The petition, after alleging that Beauchamp was assuming to act under and by virtue of the Act of 1912, above set forth, charges that said act was introduced into the Senate of the Commonwealth of Kentucky at the 1912 session of the General Assembly, and passed the Senate on the 5th day of March, 1912. It was then sent to the House of Representatives, and on the 12th day of March, 1912, was disagreed to in the House of Representatives by a vote of 48 nays to 27 ayes. Notwithstanding the defeat of said act by the House of Representatives, the same was enrolled and signed by the presiding officer of the Senate and the House of Representatives, and approved by the Governor. It is further alleged that the original bill was endorsed as follows:

"1912, March 5th, passed Senate. Attest, George H. Peters, Chief Clerk Senate."

"1912, March 12th. In House of Representatives. Disagreed to. Attest, James E. Stone, Chief Clerk, H. R."

The petition further alleges that said act was never adopted and passed by the General Assembly of the Commonwealth of Kentucky, as required by the Constitution of this State, and is not in force and effect. On this account, the county judge of Jefferson County had no authority to appoint defendant, and defendant had no right to act as county judge *pro tem.*

It is admitted in the petition that the enrolled bill was properly signed by the presiding officers of the Senate and House of Representatives, and approved by the Governor. The question is: May such a bill be impeached? We deem it unnecessary to consider the question at

length. It is sufficient to say that in the case of Lafferty v. Hoffman, 99 Ky., 80, the question was considered with great deliberation, and the various authorities discussed at length. In that case the court held that an enrolled bill, when attested by the presiding officers of the two houses of the General Assembly, as required by law, could not be impeached by the journals of these houses, but must be accepted by the courts as the bill adopted by the legislature, and as conclusive of the regularity of the steps taken in its passage. The doctrine of that case is fully sustained by the following authorities: Field v. Clark, 143 U. S., 649; Carr v. Coke, 116 N. C., 223; Duncan v. Combs, 131 Ky., 330. As the enrolled bill in this instance was properly attested by the presiding officer of each house of the General Assembly, and is therefore conclusive of the regularity of the steps taken in its passage, it follows that it may not be impeached by the journal of either house, or the memorandum of the clerk on the original bill, or in any other manner.

Another question that arises incidentally is, whether or not the office of county commissioner, which was held by Beauchamp, is incompatible with that of county judge, within the meaning of section 165 of the Constitution. Under the statute, a county judge may make settlements with personal representatives, trustees, assignees, committees, curators and guardians in his county, or he may, if he thinks proper, appoint a special commissioner to make such settlements. Kentucky Statutes, section 1062. The commissioner is simply an arm of the court to make such settlements because of the inability of the judge of the court to perform such duties. Manifestly, therefore, the two positions are not incompatible, when the law contemplates that in the absence of the appointment of a commissioner the county judge shall himself perform the duties of the commissioner. See also Goodloe v. Fox, 96 Ky., 627.

Judgment affirmed.