## Bristow et al. v. Shrout et al.

(Decided March 27, 1936.)

W. B. WHITE and G. C. EWING for appellants.

JOHN J. WINN and JOHN A. RICHARDS for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

Prior to the dates here involved, Bath county, Ky., adopted the commission form of government, whereby three elected commissioners and the judge of the county court of the county composed the fiscal court. It had also prescribed for the election or employment of a county road engineer, and one of the appellees and defendants below, Aaron Fanning, was elected to, qualified, and filled that office for the two-year term prior to January 1, 1935. In other words, he served as such engineer for the years 1933 and 1934; his appointment being made pursuant to the provisions of section 4325 of the 1930 edition of Carroll's Kentucky Statutes. Toward the conclusion of his term, and on November 13, 1934, during a meeting of the fiscal court of the county, at which all members were present, the appellant and a defendant below, Clyde Alexander, who was then the county judge of the county, appointed, nominated, and recommended for the office of county road engineer for the ensuing term of two years commencing January 1, 1935, the then incumbent in office, Aaron Fanning. No vote appears to have been taken at that session upon such recommended appointment; but at an adjourned term of the court held on November 28, 1934, and at which all the members were present, two of the commissioners voted in the negative, and the other one and the county judge voted in the affirmative, on the proposition to approve or consent to the appointment of Fanning as his successor for that ensuing term. The fiscal court having thus failed, by a tie vote, to consent to the appointment of Fanning, the county judge entered an order upon his records in which he stated that "I * * * do hereby designate and appoint Aaron Fanning as county road engineer, or agent, (for Bath county) whose jurisdiction shall be co-extensive with the county," and in which he recited that it was done "to fill said vacancy in the event that he does not under the law hold over."

Following that action by the county judge, the members of the fiscal court called a special term thereof for December 14, 1934, which was held on that day and at which all of the members of the court, including the county judge, were present. The latter again at that meeting appointed and recommended the selection of Fanning as his successor in the office of county road engineer for the county for the two-year term

beginning January 1, 1935, when two of the commissioners again voted in the negative and the county judge and another commissioner voted in the affirmative; whereupon two of the commissioners, Shrout and Stone, being a majority of the three elected as such, proceeded to elect one of the appellees and plaintiffs below, Allen Caldwell, to the office of county road engineer for the ensuing term commencing at the close of the then current one. He later (January 22, 1935) joined the county commissioners in bringing this equity action in the Bath circuit court against its county court clerk, its county judge, and Fanning, and in the petition the foregoing briefly stated facts were elaborately set out. The substance of the prayer was for a judgment declaring Caldwell to be the duly elected county road engineer for the term indicated; that Fanning be required to turn the office over to him, and that the other official defendants be required to enter certain orders manifesting the facts hereinbefore recited, and that the order of the county judge appointing Fanning as road engineer "or agent" with jurisdiction coextensive with the county be held void. In substance, they prayed that Caldwell be declared the duly elected county road engineer for the future ensuing term of two years and that Fanning be required to vacate. The record contains much unnecessary matter. The facts, with no greater explanation than what we have stated, could have been stipulated and thereby all of the legal questions involved would be presented. On final hearing the court granted the prayer of the petition, resulting in the installation of Caldwell as the duly elected road engineer for Bath county, and, complaining of it, defendants prosecute this appeal.

Section 4325, supra, of our Statutes, prescribes for the creation of the office of county road engineer. It directs that "the county judge of each of the counties of this state, by and with the consent of the fiscal court" on or before the expiration of the ensuing term "appoint a county road engineer" with certain prescribed qualifications, all of which each contendant herein possesses. Provision is made in the section for filling vacancies in the office in the same manner. It also contains the proviso: "That in counties where the fiscal court does not provide for a county road engineer, the services in this act directed to be performed by the

county road engineer, except as otherwise herein provided, shall be performed by the county survivor, or by some other person designated by the county court [county judge], and for such service shall receive the same compensation allowed by law to commissioners for dividing land." That section is couched in language so plain as that it may not be simplified by interpretative efforts. It vests, in express and unambiguous terms, the authority to appoint road engineers (where the county has provided for them) in the *county judge* with the authority of the members of the fiscal court to either consent to or disapprove such appointment. Likewise a vacancy in the office may be filled in the same manner. However, if a county has not provided for the election and services of a county road engineer, as it may do, then the duties attached to the office shall be performed by the county surveyor, unless other provisions of the statute provide otherwise —but with the alternative authority in the county judge to designate some other person to perform such duties in lieu of the county surveyor if for any reason the latter officer should not do so.

Section 4329 of the same statutes might possibly be considered as one of the "otherwise" provisions referred to in section 4325; but it only prescribes for the employment, for no stated period, of road precinct agents to look after the supervision and management of the county roads, and who are by no means officers for the county at large, or in any manner substitutes for the *one* county officer performing the duties of county road engineer throughout the county at large. It is therefore clear, as was in effect held by us in the case of Chatham v. Davenport, 187 Ky. 801, 220 S. W. 1062, that it was the purpose of the Legislature in enacting sections 4325 to and including 4329 "to place the management of road construction and maintenance in the control of the county judge" both when provision was made for a county road engineer and where it was not so made. When the authority conferred upon the county judge to make such appointment should not be exercised by him, in counties where provision was made for the office, then the other provisions of section 4325, supra, would come into operation. But in counties where no provision was made for the office of county engineer then the duties thereof would de-

volve upon the county surveyor or "some other person designated by the county court."

Bath county, as we have seen, adopted the county road engineer system and thereby eliminated any of the substitute provisions of section 4325, supra, and all of those contained in section 4329 from this case, leaving only the question of appointment of county road engineer for Bath county. Nothing in section 4325 expressly or impliedly vests any member of the fiscal court in such conditions and circumstances with plenary power and authority to unite with the county judge as a member of the fiscal court in appointing a county road engineer. On the contrary, the terms of the statute expressly confine and limit the participating authority of the other members of the fiscal court to only giving or withholding their consent to the appointment previously made by the county judge.

Strength is given to such interpretation, were it necessary, by the enactment in 1918 (chapter 119) of section 4356l-1, amendatory in its effect of chapter 80 of the acts of 1914, a part of which are the two sections 4325 and 4329, supra. The 1918 act made special provision for the election and qualification of county road engineers in counties of the commonwealth "containing a population of over two hundred thousand." It expressly provided that the officer for such counties "shall be elected by the *fiscal court* (whether it be composed of the justices of the peace of said county and the county judge, or three commissioners and the county judge." (Our italics.) That latter statute, so amendatory of the former one, clearly recognized that county road engineers in the first statute referred to were not appointed or elected by the *fiscal court* but by appointment by the *county judge,* subject to the approval and consent of the other members of the fiscal court. There can be no question as to the correctness of our interpretations of the sections of the statutes, supra.

Notwithstanding that interpretation, counsel insist that section 1850 of the same statutes, which was an act of 1924 (being chapter 99, p. 273, of the session acts for that year), applies to the situation here and furnished authority for a majority of the elected commsisioners of Bath county to break the tie in the

vote of the fiscal court upon *giving its consent* to the nomination or appointment of Fanning to fill the ensuing term of county road engineer for Bath county, and to later elect plaintiff and appellee Caldwell to that office; and the whole case, therefore, hinges upon the question as to whether or not that section (1850) is applicable to and may be invoked in the circumstances and conditions here presented?

To begin with, we held in the case of Kirchdorfer v. Tincher, 204 Ky. 366, 264 S. W. 766, 40 A. L. R. 801 that all of the provisions of section 1850 with reference to breaking a tie occuring in the sessions of the fiscal court upon matters appertaining to governmental functions of the county, other than the election of officers or agents therefor, were and are unconstitutional; that its provisions were valid insofar as applicable to the election by the fiscal court of officers and agents of the county and that such elections (by the court as such) could be made in the manner therein prescribed. The provisions of that statute with reference to a tie in the vote of the fiscal court upon the proposition of electing a county officer or agent are, in substance, that, when such a tie vote occurs "upon the question of the election of any officer or employee to be elected, or employed *by said commissioners*" (our italics) and the deadlock shall continue for as much as fifteen days, then a majority of the *elected commissioners* may break the deadlock by themselves voting for and electing the officer over whose election the deadlock arose. It will be observed that such procedure is expressly confined to instances where the *fiscal court* as a body is empowered and authorized to make the election or appointment and does not apply to instances where the *county judge* is specifically and expressly authorized to make it, but which shall receive the consent of the other members of the fiscal court, as an acting body.

In the one case each member of the electing body participates in the election or appointment equally with all the others, while in the other no such participating authority is conferred upon the other members of the fiscal court than the county judge, since in that case the authority of the elected commissioners is confined to only *giving or withholding their consent* to a previous appointment made *solely* by the county judge. His appointee may or may not be consented to by the

other members of the fiscal court, and in which latter event there is a failure to fill the office, but which right may not be exercised by the elected members of the fiscal court under the authority conferred by section 1850, supra, of the Statutes, since the case is one to which that section by its express terms does not apply.

There is a clear distinction between the right to give consent or approval to an appointment to office by another, and the right to actually participate under plenary power, in making the appointment. Hence the Legislature interpreted section 4325 in the enactment of section 4356l-1 as not conferring authority on the various members of the fiscal court to actually participate in the election of a county road engineer, but such latter authority *was* conferred by the 1918 enactment in the class of counties it embraced. It therefore follows that the elected county commissioners of Bath county possessed no authority to fill the office of county road engineer for Bath county by the election of Caldwell, and their efforts to do so can only be characterized as null and void. The president of the United States and the various Governors of the different states in their respective jurisdictions are frequentliy authorized to make appointments to office, but which shall receive the consent of the Senate before they become effective. No one could successfully contend that the consenting Senate in such cases possessed any of the appointing powers conferred on the chief executive officer. Their participation in the selection to office in such circumstances is only an approving one and does not rise to the dignity of an appointive power.

Whether in the circumstances and conditions shown by this record the county judge could designate Fanning or any other person to perform the duties of county road engineer, or whether he could designate a county agent to perform them under the provisions of section 4329 supra, are questions not necessary to determine, since by the express terms of section 4325, under the provisions of which Fanning was first elected as county road engineer for Bath county, he may fill the office for the designated term for which he was elected "and until his successor is appointed and qualified." His appointment by the county judge of Bath county to succeed himself for the succeeding term, not having received the consent of the Bath county

fiscal court, was noneffective, but, being in office, he had the right to continue therein after the expiration of his two-year prior term "until his successor is appointed and qualified." Caldwell, not having been legally appointed or qualified, possessed no right to the office, and, Fanning having the right to continue in office until a successor was duly appointed and qualified, had the right to remain in it until another presented himself with proper credentials to fill the office. None such appeared in this case, and from all of which it results that the court erred in adjudging Caldwell to be entitled to the office and in adjudging that Fanning should vacate it.

Wherefore the judgment is reversed, with directions to set it aside and to enter one dismissing the petition.

Whole court sitting.