## Hill et al. v. Taylor et al.

(Decided June 9, 1936.)

SHACKELFORD MILLER, JR., for appellants.

ALLEN P. DODD and LAWRENCE LEOPOLD for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER

Affirming.

The case tests the constitutionality of an act of the regular 1936 session of the General Assembly, chapter 24, in relation to breaking a deadlock in fiscal courts composed of three commissioners and the county judge. It is entitled:

"An Act relating to fiscal courts composed of county judge and county commissioners, repealing and reenacting Section 1850, Kentucky Statutes, Carroll's Edition, 1930."

The statute repealed and re-enacted with an amendment was an act of 1924, chapter 99, which amended an act of 1910, chapter 116. It provided that where there was a deadlock in the board of commissioners in the election of any officer or employee continuing for a period not less than fifteen days, a majority of the commissioners should have the power to break the deadlock by appointing or electing the officer or employee, thus eliminating the county judge. The part of the 1936 act material to the issue is as follows:

"And whenever there shall be a tie vote in said Board of Commissioners upon the question of the

election of any officer or employe to be elected or employed by said Commissioners, and a deadlock shall result and said tie vote or deadlock shall continue for a period of not less than fifteen (15) days, it shall thereupon be and become the duty of the county judge to cause to be entered upon the minutes of the Board of Commissioners, an order reciting the facts as to said deadlock or the vote, and the question upon which the same has occurred and exists, and thereupon unless an election is immediately had by said Board, it shall be and become the duty of the county judge to appoint such officer or employe and such appointee shall have all the qualifications required by law of such officer or employe, and and shall hold his office for the full term provided by law, and until his successor is elected and qualified.''

This is identical with the statute as it was before amendment by the 1924 act.

In Kirchdorfer v. Tincher, 204 Ky. 366, 264 S. W. 766, 769, 40 A. L. R. 801, 808, there were presented for consideration both the 1910 and the 1924 acts. Distinguishing the power of the Legislature to confer authority on two members of a fiscal court of this class to determine questions relating to contracts or to transact its general business, concerning which there had been a deadlock, and authority to choose officers or employees after a tie vote, the former provisions were held to be unconstitutional. This was because section 144 of the Constitution declares that ''A majority of the members of said court shall constitute a court for the transaction of business.'' But since that section of the Constitution or no other declares that the fiscal courts should have exclusive or any power to elect or appoint statutory county officers or agents thereafter created, and whose election might in the first instance be lodged with such administrative officer or agency as the Legislature might designate, we held constitutional that portion of the act vesting power in two of the three county commissioners. This conclusion was reached upon the grounds that choosing such officers is not necessarily a function of the fiscal court, and that a deadlock continuing for a period of fifteen days in the board to whom was committed the

authority in the first instance must be regarded as giving rise to a situation of the nature of a vacancy; hence the Legislature had the power to transfer the appointing authority to a majority of those who had been elected by the people to serve exclusively as members of the board of commissioners. It was not necessary, therefore, to decide the validity of the act of 1910 bestowing such contingent power upon the county judge—the issue now inescapably before us.

In 1928 the statutory office of purchasing agent in counties containing cities of the first class was created to be filled by the fiscal court. Chapter 75, secs. 1, 2, Acts of 1928, sections 907b-1 and 907b-2, Kentucky Statutes; Gross v. Fiscal Court of Jefferson County, 225 Ky. 641, 9 S. W. (2d) 1006. The fiscal court of Jefferson county is composed of three commissioners and the county judge. At a meeting on March 23, 1936, two commissioners voted to elect E. Pruett Hill as purchasing agent for the term beginning May 1, 1936. The county judge and the other commissioners voted negative. At the same meeting, the latter two voted for Campbell A. Taylor for the office, and the former two voted against him. On April 7, the Honorable Ben F. Ewing, County judge, proceeding under the terms of the 1936 act, appointed Mr. Taylor. The next day the advocates of Mr. Hill, proceeding under the provisions of the 1924 act, appointed him. This suit was shortly thereafter instituted. It seeks a declaratory judgment as to the constitutionality of the 1936 act, and injunctive relief by the contending parties respectively.

The entire act is challenged, and, contingently, the commonly called emergency clause is questioned. The chancellor held the law to be valid in its entirety and effective at the time the action was taken thereunder by the county judge. The judgment further holds the order of the two commissioners undertaking to break the deadlock and elect Mr. Hill to be void, while that of the county judge appointing Mr. Taylor is valid. The appeal is from that judgment.

1. The appellants realize the strength of the decision and the opinion in Kirchdorfer v. Tincher, supra, that the Legislature had authority to vest the appointing power in case of a tie vote in two members

of the fiscal court. But they argue that the consideration of the issue was general and without reference to any specific office or other statute, and urge a reconsideration of the question here because the Legislature had vested the power specifically in the fiscal court to elect the purchasing agent, and there was no repeal of that statute by the 1936 act.

That act must be read and construed in its relation to general laws, and particularly the law prescribing the method by which a deadlock should be broken as it existed when the exigency to which it is to be applied arose. So this act is to be regarded as an integral of Section 907b-2. Johnson v. Laffoon, 257 Ky. 156, 77 S. W. (2d) 345.

In the course of the Kirchdorfer opinion, it was observed that there was nothing in section 144 of the Constitution indicating that the fiscal court should have exclusive or any power to elect statutory county officers or agents whose election or appointment "might in the first instance be lodged with any administrative officer or agency that the Legislature might designate for the purpose." The argument is presented that the Legislature did not in the first instance vest the authority of choosing a county purchasing agent in some other body, but restrictively lodged that authority in the fiscal court itself. Hence, it is said, such action is expressly made a "transaction of business" of the court, which section 144 of the Constitution says shall be by a majority of the members. There is invoked the reasoning of the opinion which led to the conclusion that so much of the 1924 act as undertook to vest authority in two members "under the guise of breaking a tie," with power to transact the business of that body (as in relation to contracts and other general business and fiscal affairs of the county) was void. The application and argument has some force. Undoubtedly electing and appointing officers and agents is "transacting business." But the Legislature had full power to make such a transaction the business of some other body or person, and if it could do so in the first instance, we cannot see why it should not do so contingently, or in the second instance. As reasoned in the Kirchdorfer opinion, the choosing of persons to fill subordinate offices, which are purely creatures of the

Legislature, is not necessarily a constitutional function of the fiscal court.

It is pointed out by the annotator of the Kirchdorfer opinion in 40 A. L. R. 808, that it seems to be the only case in which there was involved the question of the validity of a statute giving a group of members of a body the power to end a deadlock. The usual method provided to end such a situation in governmental bodies is to place in the hands of some designated person or official, who may or may not be a member thereof, the right to cast a deciding vote. The present act bestowing that right in one member is likewise unique. Conventionally, the presiding officer of a body does not have a vote except in case of a tie. Outstanding examples are the president of the Senate of the United States, the president of the State Senate, and the mayors of cities. The right to cast a deciding vote does not of itself make the presiding officer a member of the body. See City of Somerset v. Smith, 105 Ky. 678, 49 S. W. 456, 20 Ky. Law Rep. 1488; City of Somerset v. Somerset Banking Co., 109 Ky. 549, 60 S. W. 5, 22 Ky. Law Rep. 1129; Pinson v. Morrow, 189 Ky. 291, 224 S. W. 879. There are many conditions in which the power to vote or to elect officers is lodged contingently, as in case of a tie, in some individual who acts not as a member of the body but as one authorized expressly by the Legislature. It is worthy of observation that here the right to break the tie is not immediate, as is usually the case. The entire court has fifteen days in which to do so itself. It is, therefore, not so much the breaking of a tie as it is making an appointment after there has been a failure to do so by the fiscal court. The procedure itself is not singular. We have several situations where governmental bodies are authorized to fill vacancies in their own ranks, but where that cannot be done, for one reason or another, the right is vested in the Governor to be exercised contingently. Likewise, where school district trustees fail to name teachers within a reasonable period, the county board of education may do so. The rationale of these constitutional, statutory, and judicial provisions is that there is in effect a vacancy in the office which cannot otherwise be filled.

We turn our thought to the argument that lodging

this contingent authority in the county judge is clothing one member of the fiscal court with power exclusive of the others. The county judge is not only a member, but is the presiding officer by virtue of the Constitution. Bath County ex rel. Brown v. Daugherty, 113 Ky. 518, 68 S. W. 436, 24 Ky. Law Rep. 350. But he is more than that, for he is charged with many duties and powers related and unrelated to the fiscal affairs of his county. The office is omnium-gatherum. We note a near analogue to the circumstances being considered. The construction and maintenance of county roads is a duty resting upon the fiscal courts, but the Legislature has deemed it wise generally to vest in the county judge a discretionary power to name a county road engineer, although it must be by and with the consent of the fiscal court. Bristow et al. v. Shrout et al., 264 Ky. 125, 94 S. W. (2d) 352.

It cannot be said with certitude that it is as a member of the fiscal court that he shall act. Whether the power is intrusted in the county judge by virtue of his being the presiding officer or as the judge of the county court, it is without significance. It is consistent with pre-existing duties in either capacity. In any event, we are of opinion that such vestiture is not inhibited by any of the terms of the Constitution.

In this statement, we have not overlooked the point made by the appellants that the right of the fiscal court to conduct the business of a county is constitutional and cannot be taken away by legislative enactment. Since the election of a statutory officer or agent is not regarded as a constitutional function, the premise of the argument is destroyed. The Legislature giveth, the Legislature taketh away. The Constitution did not prohibit it doing either. Sinking Fund Commissioners v. George, 104 Ky. 260, 47 S. W. 779, 20 Ky. Law Rep. 938, 84 Am. St. Rep. 454; Rouse v. Johnson, 234 Ky. 473, 28 S. W. (2d) 745, 70 A. L. R. 1077.

2. Section 55 of the Constitution is as follows:

"No act, except general appropriation bills, shall become a law until ninety days after the adjournment of the session at which it was passed, except in cases of emergency, when, by the concurrence of

a majority of the members elected to each house of the general assembly, by a yea and nay vote, entered upon their journals, an act may become a law when approved by the governor; but the reasons for the emergency that justifies this action must be set out at length in the journal of each house.''

The act which is being challenged carried this provision:

''Inasmuch as the Board of Commissioners consists of four members and tied votes and deadlocks will result, an emergency is hereby declared to exist and this act shall take effect from and after its approval by the Governor.''

It was approved by the Governor February 7, 1936, and was therefore in effect at the time the action was taken by the county judge naming the appellee Taylor as purchasing agent u n l e s s the emergency clause is ineffective (a) by reason of omission of reference to it in the title of the act, or (b) because there was in fact no emergency, or rather the court may and must say there was none.

(a) Section 51 of the Constitution restricts legislative enactments to one subject which ''shall be expressed in the title.'' Appellants rely upon the construction, often declared, that the title of an act must fairly and reasonably indicate its substance so as to impart notice of what it proposes to deal with. The time an enactment becomes operative as a law is not a part of the subject-matter. It is not necessary, therefore, under the Constitution that the title of an act should contain a statement to the effect that it is an emergency measure, or that the enactment is emergent. While the specific question is res integra with us, the validity could well be sustained upon numerous cases to the effect that details of an act need not be recited in the title. Talbott v. Laffoon, 257 Ky. 773, 79 S. W. (2d) 244. Where the question has been specifically passed upon, the uniform holding, so far as we are aware, has been that there need be no reference in the title of an act. 59 C. J. 808; Dinneen v. Rider, 152 Md. 343, 136 A. 754; State v. Smith, 49 S. D. 106, 206 N. W. 233; Wheelon v. South Dakota Land Settle-

ment Board, 43 S. D. 551, 181 N. W. 359, 14 A. L. R. 1145; State v. Howell, 106 Wash. 542, 181 P. 37; People v. Sterling Refining Co., 86 Cal. App. 558, 261 P. 1080. A cursory examination of the published session acts discloses frequent similar omissions, and no question was ever raised. It is noted that the act creating the office of county purchasing agent here involved is one of that kind.

(b) Appellants further submit that there was no emergency requiring the immediate effectiveness of this law, for there existed a method for breaking deadlocks. Upon this they insist that in considering the validity of a faciliating clause of this character the courts can review the action of the Legislature for the purpose of determining whether or not an emergency actually existed. To the extent and under what circumstances the courts will review such legislative action, the decisions are not in accord. Payne v. Graham, 118 Me. 251, 107 A. 709, 7 A. L. R. 516. The only case in our jurisprudence which tends to support appellants' contention is McIntyre v. Commonwealth, 221 Ky. 16, 297 S. W. 931. The act involved in that case changed the time and terms of a circuit court in a certain district, and the reason for declaring an emergency to exist as stated in it was that there was a congested docket. The effect of the act, however, was to postpone an early term of court so that the bill on its face not only negatived an emergency, but had the effect of nullifying its immediate effectiveness. That manifest infirmity of the declaration of an emergency led the court to hold the clause ineffective. That opinion barely carries its own weight. We are not disposed to extend the decision beyond the facts peculiar to the case or to make specific application of some of the language used therein.

The general practice has been to have the bills express the reasons for declaring the existence of an emergency justifying their becoming laws immediately upon approval by the Governor, but that is not required by the Consitution, sec. 55. The Legislature is required only to set out those reasons in the journal of each House. Nowhere is there to be found any intimation that the Legislature shall not be the judge of the sufficiency of the reasons, or that the judiciary

shall be. We have held that the will of the Governor cannot control the declaration of an emergency. Sinking Fund Commissioners v. George, supra. Proper regard for the balancing of the two co-ordinate departments of government and respect due by one to the other demands the assumption that reasons good and sufficient to the General Assembly were set out at length in the journals. The judiciary cannot claim that it only is faithful to constitutional obligations. Such is the rationale of our often expressed conclusion, consonant with the weight of authority, that the courts will not inspect the journals of the Legislature, and upon such inspection, though conditions which might justify it are found there, affirmatively or negatively, impeach the integrity of that honorable body or invalidate its enactments on account of the disclosure. For such purpose, the books are closed and sealed. Lafferty v. Huffman, 99 Ky. 80, 35 S. W. 123, 18 Ky. Law Rep. 17, 32 L. R. A. 203; Vogt v. Beauchamp, 153 Ky. 64, 154 S. W. 393.

In Commonwealth v. Hardin County Court, 99 Ky. 188, 35 S. W. 275, 18 Ky. Law Rep. 113, we consired this matter in relation to an "emergency clause." It was contended that the clause had not been enacted pursuant to the provisions of section 55 of the Constitution. Following the Lafferty opinion, which dealt with the same act, it was declared that the court was bound by the emergency clause as a part of the entire bill as signed by the Governor. While it is true in the instant case that there was a statutory method by which a stalemate in fiscal courts of the commission form could be broken, and the new act merely changed that method, yet surely the mere assumption that the Legislature did not comply with the constitutional mandate and spread what it deemed good and sufficient reasons upon its records cannot be made the basis of judicial action nullifying the law—an action always delicate and to be avoided if possible.

The petition alleges that no other reasons than those contained in the act itself were set forth in the journals. It is argued that since there was only a demurrer to the petition, this allegation must be accepted as true and the case determined accordingly. If the courts cannot examine the journals to see what

is there, the mere allegation of a pleader must be regarded as but an attempt to plead around a conclusive presumption.

The judgment is affirmed.

Whole court sitting.