## Muenninghoff et al. v. Marret et al.

(Decided June 15, 1937.)

(As Modified on Denial of Rehearing Oct. 19, 1937.)

SHACKELFORD MILLER, Jr., for appellants.

DODD & DODD for appellees.

OPINION OF THE COURT BY JUDGE BAIRD—Affirming.

This is an appeal from a judgment of the Jefferson circuit court, chancery branch, second division, contesting the validity of the appointment of Al. M. Marret as treasurer of Jefferson county, Ky. The chancellor adjudged his election legal. From that judgment, appellants appeal.

The facts are that at this time the fiscal court of Jefferson county is composed of three commissioners, Joseph Muenninghoff, Henry M. Gerber, George C. Burton, and Ben F. Ewing, county judge. It became necessary for the board of commissioners to elect a treasurer for the term of four years to begin his term on and after April 1, 1937. The law authorized the commissioners by a majority vote to make the election. They were unable to do so because the appellee Al. M. Marret was unable to obtain in excess of two votes. Consequently no election was had until later, after fifteen days had transpired under and in conformity with section 1850 of the Kentucky Statutes, as amended by the Legislature in 1936 (chapter 24); which authorized, where a majority of the members failed and refused to make the election, the county judge, Ben F. Ewing, to make the election himself, which he did under the authority of that section. Appellee Al. M. Marret accepted the office, was properly qualified by taking the oath and executing bond as required by law, and is now performing the duties of the office. Appellants insist that Marret's election was illegal and void; that Ben F. Ewing, the county judge, had no authority under section 1850, supra, or at all to make the election or appointment; that the authority given the county judge in case of a deadlock, or tie, did not apply to the election of the office of treasurer of the county. Section 144 of the State Constitution provides:

"Counties shall have a fiscal court, which may consist of the judge of the county court and the justices of the peace, in which court the judge of the

county court, shall preside, if present; or a county may have three commissioners, to be elected from the county at large, who, together with the judge of the county court, shall constitute the fiscal court. A majority of the members of said court shall constitute a court for the transaction of business. But where, for county governmental purposes, a city is by law separated from the remainder of the county, such commissioners may be elected from the part of the county outside of such city.''

That section definitely confines the transaction of the business of the justices of the fiscal court and commissioners, together with the county judge, as the case may be, to the action of the majority of the members of the court. Section 929 of the Kentucky Statutes provides, in so far as is applicable to the question under consideration, as follows:

''The county treasurer shall be appointed by the fiscal court of the county at the regular April term, one thousand nine hundred and thirteen (one thousand nine hundred and thirteen) of said court held for the county, and at said April Term of said court every four years thereafter, and the county treasurer so elected shall hold his office for a term of four years, and until his successor is elected and qualified. A majority of all the members of said fiscal court shall be necessary to select a county treasurer.''

There is no escape from the conclusion that section 929 requires the treasurer to be elected by a majority of the commissioners, together with the county judge; unless section 1850 of the Kentucky Statutes passed by the Legislature in 1936 controls; wherein it authorized in cases where no election could be had by a majority and where a deadlock or tie resulted, that the election be made by the county judge as in the instant case. Counsel for appellants waive all other questions passed upon by the trial court. In fact, concede in brief that the ruling of the trial court in overruling the motion to elect and the special demurrer was entirely proper, and, if erroneous, in no way was prejudicial to the rights of the appellees. Therefore, we will consider only the question involved, that is, the legality of the election of Al. M. Marret, treasurer.

Section 1850 provides as follows:

"All the provisions of this article governing fiscal courts composed of the judge of the county court and justices of the peace shall be applicable to and govern fiscal courts, composed of three commissioners and the judge of the county court, except that when the county judge is unable to call a special session, and it is necessary that one be called, then two commissioners may call the same, if, in their opinion, the necessity exists therefor. Any vacancy occurring in the office of commissioner shall be filled in the same manner as vacancies in the offices of justices of the peace are filled. And whenever there shall be a tie vote in said Board of Commissioners upon the question of the election of any officer or employee to be elected or employed by said Commissioners, and a deadlock shall result and said tie vote or deadlock shall continue for a period of not less than fifteen (15) days, it shall thereupon be and become the duty of the county judge to cause to be entered upon the minutes of the Board of Commissioners, an order reciting the facts as to said deadlock or tie vote, and the question upon which the same has occurred and exists, and thereupon unless an election is immediately had by said Board, it shall be and become the duty of the county judge to appoint such officer or employee and such appointee shall have all the qualifications required by law of such officer or employee, and shall hold his office for the full term provided by law, and until his successor is elected and qualified."

This section does not in any manner repeal or undertake to repeal either expressly or by implication section 929, supra. Therefore, we see no reason to discuss the question of repeal. The object of section 1850 on the part of the Legislature was not to repeal section 929, or in any manner change or modify its terms, except in case of a tie vote. But the purpose was to enable the fiscal courts whether composed of justices of the peace or commissioners, in case of a deadlock or tie vote, provided the tie continued for not less than fifteen days, to impose the duty upon the county judge to cause to be entered upon the minutes of the board of commissioners an order reciting the facts as to said deadlock or tie vote and the question upon which the same had occurred and existed; and thereupon unless an election was immediately had by the board, it then became the duty of the

county judge to appoint such officer or employee who shall have all of the qualifications required by law and shall hold office for the full term provided by the law and until his successor is elected and qualified. Section 929 remains in full force and effect, with the aforesaid exception.

In Hill v. Taylor, 264 Ky. 708, 95 S. W. (2d) 566, 568, this court said:

"In the course of the Kirchdorfer opinion [Kirchdorfer v. Tincher, 204 Ky. 366, 264 S. W. 766, 40 A. L. R. 801], it was observed that there was nothing in section 144 of the Constitution indicating that the fiscal court should have exclusive or any power to elect statutory county officers or agents whose election for appointment 'might in the first instance be lodged with any administrative officer or agency that the Legislature might designate for the purpose.' The argument is presented that the Legislature did not in the first instance vest the authority of choosing a county purchasing agent in some other body, but restrictively lodged that authority in the fiscal court itself. Hence, it is said, such action is expressly made a 'transaction of business' of the court, which section 144 of the Constitution says shall be by a majority of the members. There is invoked the reasoning of the opinion which led to the conclusion that so much of the 1924 act as undertook to vest authority in two members 'under the guise of breaking a tie,' with power to transact the business of that body (as in relation to contracts and other general business and fiscal affairs of the county) was void. The application and argument has some force. Undoubtedly electing and appointing officers and agents in 'transacting business.' But the Legislature had full power to make such a transaction the business of some other body or person, and if it could do so in the first instance, we cannot see why it should not do so contingently, or in the second instance. As reasoned in the Kirchdorfer opinion, the choosing of persons to fill subordinate offices, which are purely creatures of the Legislature, is not necessarily a constitutional function of the fiscal court.

"It is pointed out by the annotator of the Kirchdorfer opinion in 40 A. L. R. 808, that it seems

to be the only case in which there was involved the question of the validity of a statute giving a group of members of a body the power to end a deadlock. The usual method provided to end such a situation in governmental bodies is to place in the hands of some designated person or official, who may or may not be a member thereof, the right to cast a deciding vote. The present act bestowing that right in one member is likewise unique. Conventionally, the presiding officer of a body does not have a vote except in case of a tie. Outstanding examples are the president of the Senate of the United States, the president of the State Senate, and the mayors of cities. The right to cast a deciding vote does not of itself make the presiding officer a member of the body. See City of Somerset v. Smith, 105 Ky. 678, 49 S. W. 456, 20 Ky. Law Rep. 1488; City of Somerset v. Somerset Banking Co., 109 Ky. 549, 60 S. W. 5, 22 Ky. Law Rep. 1129; Pinson v. Morrow, 189 Ky. 291, 224 S. W. 879. There are many conditions in which the power to vote or to elect officers is lodged contingently, as in case of a tie, in some individual who acts not as a member of the body, but as one authorized expressly by the Legislature. It is worthy of observation that here the right to break the tie is not immediate, as is usually the case. The entire court has fifteen days in which to do so itself. It is, therefore, not so much the breaking of a tie as it is making an appointment after there has been a failure to do so by the fiscal court. The procedure itself is not singular. We have several situations where governmental bodies are authorized to fill vacancies in their own ranks, but where that cannot be done, for one reason or another, the right is vested in the Governor to be exercised contingently. Likewise, where school district trustees fail to name teachers within a reasonable period, the county board of education may do so. The rationale of those constitutional, statutory, and judicial provisions is that there is in effect a vacancy in the office which cannot otherwise be filled.

"We turn our thought to the argument that lodging this contingent authority in the county judge is clothing one member of the fiscal court with power

exclusive of the others. The county judge is not only a member, but is the presiding officer by virtue of the Constitution. Bath County ex rel. Brown v. Daugherty, 113 Ky. 518, 68 S. W. 436, 24 Ky. Law Rep. 350. But he is more than that, for he is charged with many duties and powers related and unrelated to the fiscal affairs of his county. The office is omnium-gatherum. We note a near analogy to the circumstances being considered. The construction and maintenance of county roads is a duty resting upon the fiscal courts, but the Legislature has deemed it wise generally to vest in the county judge a discretionary power to name a county road engineer, although it must be by and with the consent of the fiscal court. Bristow et al. v. Shrout et al., 264 Ky. 125, 94 S. W. (2d) 352.

"It cannot be said with certitude that it is as a member of the fiscal court that he shall act. Whether the power is intrusted in the county judge by virtue of his being the presiding officer or as the judge of the county court, it is without significance. It is consistent with pre-existing duties in either capacity. In any event, we are of opinion that such vestiture is not inhibited by any of the terms of the Constitution.

"In this statement, we have not overlooked the point made by the appellants that the right of the fiscal court to conduct the business of a county is constitutional and cannot be taken away by legislative enactment. Since the election of a statutory officer or agent is not regarded as a constitutional function, the premise of the argument is destroyed. The Legislature giveth, the Legislature taketh away. The Constitution did not prohibit it doing either. Sinking Fund Commissioners v. George, 104 Ky. 260, 47 S. W. 779, 20 Ky. Law Rep. 938, 84 Am. St. Rep. 454; Rouse v. Johnson, 234 Ky. 473, 28 S. W. (2d) 745, 70 A. L. R. 1077.

It is our opinion that the reasoning and conclusion reached in the Taylor Case, supra, applies fully in case of a tie or deadlock to the election of a county treasurer as it does to the election or appointment of a purchasing agent of the county. This court in Com. v. Bartholomew, 265 Ky. 703, 707, 97 S. W. (2d) 591, 594, said:

"It is a universal rule, requiring the citation of no supporting text or opinions, that in construing statutes the intention and purpose of the Legislature in enacting them should first be ascertained by the court, and the statute construed or interpreted so as to carry out that general purpose, unless to do so would require a complete ignoring of some other clear and positive provision in conflict with such general intention and purpose."

We are of the opinion that the Legislature by the act of 1936, section 1850, Kentucky Statutes, intended to authorize the county judge to make the appointment or election, in case of a tie or deadlock, of the treasurer. The office of treasurer is not a constitutional office. It was created by the Legislature. Certainly the Legislature had the power and right to determine how the treasurer as well as all other statutory officers that the board of commissioners and county judge are authorized to elect, that were necessary in conducting the business of the county, could be elected in case of a deadlock or tie as in the instant case. We are therefore of the opinion that the learned chancellor was correct in adjudging the election of Marret legal.

Judgment affirmed.