Marlow W. COOK and H. Bemis Lawrence, as Members of the Fiscal Court of Jefferson County, Kentucky, Appellants,

v.

Robert A. FIHE and Philip P. Ardery et al., Appellees.

Marlow W. COOK, as County Judge of Jefferson County, Kentucky et al., Appellants,

v.

Robert A. FIHE, as County Commissioner et al., Appellees.

Court of Appeals of Kentucky.

June 8, 1962.

Samuel Steinfeld, Louisville, for appellants Marlow Cook and H. Bemis Lawrence.

Oldham Clarke, Louisville, for appellees Robert A. Fihe and Philip P. Andery.

E. P. Sawyer, Louisville, for appellant Marlow Cook as County Judge.

Charles Speed Gray, Louisville, for appellants Woodson, Harrell, Ernst, and members of that class, and for appellant Trautwein.

Henry A. Triplett, Louisville, for appellees Comely, Romaine, Curley, and members of that class, and for appellee Boone.

Mark Davis, Jr., Asst. County Atty., Louisville, for appellee Tierney.

CULLEN, Commissioner.

This appeal presents questions of construction of KRS 67.070(3), relating to fiscal courts having commissioners rather than justices of the peace as members. (A similar statute, KRS 67.040(4), applies to fiscal courts with justice of the peace members.) The statute reads:

"(3) When there is a tie vote in the fiscal court in the selection of any officer or employe to be selected by the fiscal court, and a deadlock results and continues for fifteen days or longer, the county judge shall cause to be entered upon the minutes of the fiscal court an order reciting the facts as to the deadlock, and the question upon which it has occurred and exists, and thereupon, unless an election is immediately made by the fiscal court, the county judge shall appoint the officer or employe."

In the Jefferson County Fiscal Court a resolution was offered calling for the discharge of a substantial number of subordinate employes of the fiscal court (occupying positions not specifically established by statute but created by the fiscal court under general powers to carry on various functions) and for the appointment of other (named) persons in their places. One commissioner and the county judge voted for the resolution and the other two commissioners voted against it. The deadlock continued for more than 15 days and the county judge then undertook to make appointments to the various positions under claimed authority of KRS 67.070(3).

In a declaratory judgment action brought by the two commissioners who had voted against the resolution the circuit court held that the purported appointments by the county judge were invalid. The county judge and the other commissioner have appealed.

The circuit court construed the statute as applying only to the filling of *vacancies* in *statutory* offices and positions, a "statutory" office being considered by the circuit court to be one specifically established by statute as distinguished from one created by the fiscal court under general powers.

The appellants maintain, first, that the power granted by the statute to the county judge is not limited to the filling of vacancies; that whenever there is a deadlock on the question of whether one person or another should hold a particular position the power of appointment, with the concomitant power of removal, passes to the county judge. They say that the statute applies when the fiscal court deadlocks on the question of "who is to perform the task in carrying on the business" of the fiscal court, or cannot agree "upon those persons who should continue to perform the tasks" (quotations from appellants' brief).

The difficulty with this contention is that the statute does not use any such language as that suggested by the appellants. It provides that the county judge shall "appoint" when there is a tie vote "in the selection of any officer or employe to be selected by the fiscal court." This language, to us, clearly restricts the application of the statute to situations in which a position is unoccupied and the question before the fiscal court is

the selection of a person to occupy it. This construction is consistent with a reasonable legislative purpose to prevent a breakdown in the functions of county government by reason of the existence of vacancies in the work forces.

Questions involving the construction or application of KRS 67.070(3) or 67.040(4) have been presented to this court in several previous cases. Kirchdorfer v. Tincher, 204 Ky. 366, 264 S.W. 766, 40 A.L.R. 801; Hill v. Taylor, 264 Ky. 708, 95 S.W.2d 566; Muenninghoff v. Marrett, 269 Ky. 826, 108 S.W.2d 878. In none of those cases was there any holding, or even suggestion, that the county judge would have power under the statute to remove an incumbent.

The appellants' argument that a power of appointment carries with it the power of removal, and that the appointment of a new person automatically removes the incumbent, has no force if the statute is construed as applying only to the filling of vacancies, because under such construction the power of appointment to a particular position never passes to the county judge if the position has an incumbent. Cf. Page v. Hardin, 47 Ky. 648.

The appellants suggest that the various positions here in question are held on a month-to-month basis, requiring a reappointment (either specific or by implication from payroll approval) each month, and therefore a question of "selection" was before the fiscal court. The record does not support this proposition; on the contrary it indicates that the positions were held at the pleasure or will of the fiscal court, which would require some affirmative act of the fiscal court to effect a removal. It is significant that the resolution on which the fiscal court deadlocked recited that the incumbents "be discharged."

[redacted] It is our conclusion that the circuit court correctly construed the statute as applying only to the filling of vacancies, and therefore properly held invalid the purported appointments by the county judge. However, the judgment went further and declared that the statute covers only "statutory" offices and positions, and in this respect we think the judgment is erroneous.

The statute says that it applies to the selection of "any officer or employe to be selected by the fiscal court." Its language does not purport to restrict its application to positions specifically created by the legislature. It is true that in Kirchdorfer v. Tincher, 204 Ky. 366, 264 S.W. 766, 40 A.L.R. 801, and in Hill v. Taylor, 264 Ky. 708, 95 S.W.2d 566, the court used the phrase "statutory county officers or agents" but it is clear that the court was simply making a distinction from offices created by the constitution.

[redacted] The appellees concede that the legislature, in creating an office or position, may designate such appointing authority as it chooses, and therefore constitutionally may provide, as was done in KRS 67.070(3), that the county judge may appoint if the fiscal court cannot agree on an appointment. It was so held in Kirchdorfer v. Tincher, 204 Ky. 366, 264 S.W. 766, 40 A.L.R. 801. But the appellees maintain that this is not true with respect to positions created by the fiscal court under general powers; that in such case the power of appointment cannot be separated from the power to create the office, and that both powers, under Section 144 of the Kentucky Constitution, can be exercised only by majority vote of the fiscal court.

[redacted] In our opinion the legislature has the same constitutional power to designate the appointing authority in the case of offices or positions which it has granted general authority to the fiscal court to create, as it does with respect to offices or positions which the legislature itself creates. In substance the legislature has said, in KRS 67.070(3), that it is designating the appointing authority, whether the position has been created by the legislature or by the fiscal court. We can find nothing unconstitutional in this.

■ It perhaps should be mentioned that there is no issue in this case of whether the county judge may have two votes, one to create a tie and another to break it. In making an appointment under the statute the county judge is not breaking a tie but is simply exercising a power which the legislature has provided shall pass from the fiscal court if it fails by reason of a deadlock to exercise it. See Hill v. Taylor, 264 Ky. 708, 95 S.W.2d 566. The county judge wears various official hats, or as said in the Hill case, his office is "omnium gatherum," so it may be considered that he exercises the power of appointment under the statute *not as a member of the fiscal court* but in another capacity.

To the extent that the judgment declares that the statute applies only to "statutory" offices and positions it is reversed; in all other respects it is affirmed.