## Kirchdorfer, et al. v. Tincher, et al.

## Tincher, et al. v. Kirchdorfer, et al.

(Decided July 1, 1924.)

## Appeals from Jefferson Circuit Court (Chancery Branch, Second Division).

1.  Statutes—Title of Act Held Sufficient.—Title of Act of 1924, amending and re-enacting Ky. Stats., section 1850, and section 1851b, subsection 6, relating to deadlocks in board of commissioners of county on question of election of officer or employee, held sufficient under Constitution, section 51.

2.  Statutes—Statute Relating to Deadlocks in Board of County Commissioners Held Not in Violation of Constitutional Provision.— Act of 1924, amending and re-enacting Ky. Stats., section 1850, and section 1851b, subsection 6, relating to deadlocks in board of commissioners of county upon question of election of officer or employee, does not violate Constitution, section 59, subsection 29, as to special law where general law is applicable.

3.  Counties—Act Relating to Breaking of Deadlocks in Fiscal Court Held Invalid in so Far as it Permits Two Commissioners to do County's Business.—Act of 1924, amending and re-enacting Ky. Stats., section 1850, and section 1851b, subsection 6, relating to deadlocks in fiscal court, in so far as it attempts to vest power and authority in only two commissioners to transact business after existence of deadlock for fifteen days, is in violation of Constitution, section 144, and void.

4.  Counties—Provision in Act for Breaking of Deadlocks in Fscal Court on Election or Appointment of Officers or Employees, Valid. —Provision in Ky. Stats., section 1850, and section 1851b, subsection 6, and the amending act of 1924, with respect to appointment of officers or employees after fifteen days' futile effort to agree, is valid.

5.  Statutes—Statute May be Valid in Part.—Same statute may be in part constitutional and in part unconstitutional, and if parts are wholly independent of each other that which is unconstitutional may stand unless it can be presumed that the legislature would not have passed one without other.

6.  Statutes—Part of Act Respecting Deadlocks in Fiscal Court Sustained as Independent of Unconstitutional Portion.—That provision in Ky. Stats., section 1850, and section 1851b, subsection 6, and the amending act of 1924, providing for appointment of officers and employees respectively by county judge and two commissioners after fifteen days' deadlock in fiscal court, is valid and independent, and will stand notwithstanding unconstitutionality

of provision vesting in two commissioners power to transact business of court after fifteen days' deadlock.

A. J. CARROLL for Kirchdorfer and others.

CHAS. I. DAWSON and ALEX. G. BARRET for Tincher and others.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming in part and reversing in part in the first appeal and reversing judgment in the second.

The first appeal in the caption is from a judgment of the Jefferson circuit court, chancery branch No. 2, rendered in an equity action filed in that court by Harry E. Tincher, county judge of Jefferson county and a member of the fiscal court of the county, and John B. Baskin, one of the county commissioners of the county, as plaintiffs, against J. C. Kirchdorfer and S. Mazyck O'Brien, the other two members of the fiscal court as defendants, in which plaintiffs attack the validity of an act passed by the General Assembly at its 1924 session entitled: "An Act relating to fiscal courts composed of county judge and county commissioners, amending and re-enacting section 1850 and subsection 6 of section 1851b, Kentucky Statutes, Carroll's edition, 1922." The Acts of that session of the legislature have not yet been published and we can not more particularly designate the one here involved.

The judgment appealed from in the second case was rendered on a counterclaim filed by plaintiffs and appellees in the first one in the caption and which counterclaim attacked the validity of that portion of section 1850 of Carroll's 1922 edition of Kentucky Statutes saying: "And whenever there shall be a tie vote in said board of commissioners upon the question of the election of any officer or employee to be elected or employed by said commissioners, and a deadlock shall result and said tie vote or deadlock shall continue for a period of not less than fifteen days, it shall thereupon be and become the duty of the county judge to cause to be entered upon the minutes of the board of commissioners, an order reciting the facts as to said deadlock or tie vote, and the question upon which the same has occurred and exists, and thereupon unless an election is immediately had by said board, it shall be and become the duty of the county judge to appoint such officer or employee and such appointee shall

have all the qualifications required by law, of such officer or employee, and shall hold his office for the full term provided by law, and until his successor is elected and qualified.'' 'We shall refer in this opinion to the 1924 act as the "new act" and to the amended section (1850) as the "old act."

Plaintiffs and defendants are the duly constituted members of the fiscal court of Jefferson county by section 144 of our Constitution, which in part says: ''or a county may have three commissioners, to be elected from the county at large, who, together with the judge of the county court, shall constitute the fiscal court. A majority of the members of said court shall constitute a court for the transaction of business." The new act repealed the above excerpt from the old act and inserted in lieu thereof these words:

''Whenever there shall be a tie vote in said board of commissioners upon the question in the election of any officer or employee to be elected or employed by said commissioners, or upon the approval or rejection of any contract, or on the determination of any question to be decided by said commissioners, and a deadlock shall result and said deadlock or tie vote shall continue for a period of not less than fifteen days, a majority of said commissioners, shall have the power to break said deadlock or tie vote and cause to be entered upon the minutes of the board of commissioners, an order reciting the facts as to said deadlock or tie vote and the question upon which the same has occurred and exists, and thereupon it shall be and become the duty of a majority of said commissioners, to appoint any officer or employee, concerning whose election or employment any deadlock or tie vote existed or approve or reject any contract or determine any question to be decided by said commissioners, and any officer or employee, so elected or appointed, shall have all the qualifications required by law of such officer or employee, and shall hold his or her office for the full term provided by law, and until his or her successor is elected and qualified. Any question or matter, concerning which a deadlock or tie vote existed, and which is decided by a majority of such commissioners, as herein provided, shall be treated and considered and have the force and effect of an action of the fiscal court the same as if no deadlock or tie vote had existed."

Defendants answered denying the invalidity of the new act and by counterclaim attacked the validity of the old act in so far as it attempted to confer power on the county judge to appoint the officers and employees of the county whose appointment devolved upon the fiscal court after the failure to elect or appoint by the entire court because of a tie or deadlock for fifteen days. Appropriate pleadings made the issues and upon submission the court adjudged all of the new act invalid and the attacked provision of the old act made in the counterclaim also invalid, and from that judgment plaintiffs and defendants prosecute these two appeals.

Plaintiffs contend that the new act is unconstitutional because (1), its title is insufficient under the requirements of section 51 of the Constitution; (2), that it violates subsection 29 of section 59 of that instrument, and (3), that it violates section 144 of the same instrument. We are not impressed, however, with the argument in support of contentions (1) and (2), since we are convinced that neither one of them is maintainable. We will, therefore, devote this opinion to a discussion of ground (3), as being the only one which we think possesses merit.

In the case of Bath County v. Daugherty, 113 Ky. 518, we held that section 144 of the Constitution made and constituted the county judge more than a mere presiding officer of the fiscal court, and that it conferred upon him all the powers and authority of a member of that court and constituted him a member thereof with the right and privilege to vote upon any measure properly coming before the court the same as any other member. The construction placed upon that section in that case has been constantly followed since then. It will also be observed that that section prescribes that a majority of the members of a fiscal court shall constitute a court for the transaction of business; and we entertain no doubt but that a majority of the quorum so provided for could transact the business of the court under well established rules of parliamentary law governing the transaction of business by such deliberative bodies. With the court so operating with a majority of its members the votes of two of them would be sufficient to carry or defeat any proposition coming before it; but to provide by statute, as the new act does, that two of the members, be they commissioners or the county judge and a commissioner, may in any event or contingency so transact the business

of the court when all its members are present, and have their action "treated and considered and have the force and effect of the action of the fiscal court the same as if no deadlock or tie vote had existed," is to our minds, in the light of section 144 of the Constitution, an entirely different proposition. The practical effect of such a provision, although enacted under the guise of breaking a deadlock, is to vest double power on the member or members who are authorized and empowered under the act to break the deadlock, and that too after they had first voted as members of the court to create the deadlock. It must not be overlooked that we are now dealing with a deliberative body created by the Constitution, and there is nothing found in it whereby any one or more of its members may be vested with any power or authority greater than that possessed by the other members. The fact that each member was given the same power and authority as every other one necessarily implied that the legislature was forbidden to enact otherwise, regardless of its reasons or purposes in so doing.

The members of the Constitutional Convention, in fixing the membership of the fiscal court in counties adopting the commission form of government and providing that the county judge should by virtue of his office also be a member, necessarily knew that in as much as the court was composed of four members it was possible for a tie or a deadlock vote to occur when all the members were present and participating. With a pending proposition receiving two of the votes of the elected commissioners and the other one casting a contrary vote, the county judge could declare that it was carried and, under the doctrine of the case of Lawrence County v. Lawrence Fiscal Court, 181 Ky. 45, he would be considered as casting his vote on the side of the two commissioners voting the same way without expressly so recording it; or if he, in the exercise of his discretion and judgment, opposed the side of the proposition upon which they voted, he could produce a deadlock by casting his vote with the other single commissioner and thereby prevent the votes of the two commissioners from becoming effective. It is only in one of those two ways that the county judge, as a member of the fiscal court, can exercise his power and authority as such, and it is only by casting his vote with the other single member of the commissioners that he can prevent the other two from passing or defeating a measure pending before the court.

But, if it was competent for the legislature to provide, as is done in the new act, then the county judge, as well as the other commissioner with whom he voted, become eliminated and utterly impotent as members of the court except to maintain the deadlock status for 15 days, after which the other two members become to all intents and purposes the fiscal court as to all matters which have been so pending. In other words, under the guise of breaking a tie, which as we have seen the members of the Constitutional Convention must have necessarily foreseen but did not provide against, the legislature by the new act reduces the membership of the fiscal court to only two, which is less than a majority, notwithstanding the section of the Constitution provides that a majority of the members of the court is necessary for the transaction of business. The authority of the legislature to so prescribe is not attempted to be defended except upon the theory that it is necessary to break a tie or a deadlock, the argument being that unless there was some method by which a tie could be broken the business of the court could not be transacted; but, as we have heretofore observed, that fact was necessarily before the minds of the members of the Constitutional Convention when it adopted section 144 of the Constitution. Furthermore, it is as much the function and business of a fiscal court to defeat improper measures as it is to enact, provide for, or carry out proper ones; and in producing the tie or deadlock, the members of the fiscal court, including of course the county judge, may be efficiently serving their constituents, which, if true, nothing less than a majority, or a majority of a quorum of the court, should have the power to subvert.

Again, if the new act on this point should be upheld, then only half of the members of the court could unite on a proposition or measure and stay so for fifteen days, after which, if they were the selected ones for the purpose, they could carry out their views, under the guise of breaking the deadlock which they produced, howsoever obnoxious and detrimental it might be to the public interest. By that process the legislative act, in effect, reduces the fiscal court to less than a majority of its members and eliminates the effectual power of the other two after the expiration of fifteen days of their opposition.

This court has held in a number of cases that much of the duties of a fiscal court are at least *quasi* legislative, affecting as it does the internal affairs of the county

it represents, and we feel that a comparison of its
methods of transacting business with those of the legis-
lative bodies provided for the state would not be out of
place.    Section 35 of the Constitution prescribes that
the lower house of the General Assembly shall consist of
100 members and the senate of 38 members; the presid-
ing officer over the house is its speaker, which is provided
for by section 34 of the Constitution, and he is to be
elected from the membership of the body over which he
presides.    The presiding officer of the senate is the
lieutenant-governor, as is prescribed for by section 83
of the Constitution.    By section 37 it is provided that
no less than a majority of each house shall constitute a
quorum to do business, and by section 46 it is provided,
among other things, that no bill shall become a law un-
less on its final passage it receives at least two-fifths of
the votes of the members elected to each house, the pur-
pose of which was to prevent the enactment of a law by a
majority of a bare quorum; and in the same section it is
provided that any act or resolution for the appropriation
of money or the creation of a debt shall not become a law
unless in its final passage it receives "the votes of a ma-
jority of all the members elected to each house." There
are other provisions requiring the votes of a majority of
the members of each house before an act shall be consid-
ered passed, as is true, as we have seen, with the matter
of appropriating money, etc., the section last referred to.
We conclude therefore that it could not be successfully
maintained that a bill for the appropriation of money or
the creation of a debt could receive fifty votes for it and
fifty against it, which would include that of the speaker
as a member of the house, and yet become a law by the
speaker, under a rule of the body or by a statute author-
izing it, casting his vote in favor of it as presiding of-
ficer.    In the supposed case there was a tie vote, and the
argument for the necessity of breaking the tie in that
instance is, to our minds, as strong as the argument ad-
vanced in this case for the necessity of breaking a tie
vote in the fiscal court; yet we are convinced that the
speaker possesses no such power even under an attempt
to confer it upon him, and that an appropriating act
passed in the manner pointed out in the supposed case
would not be in compliance with the constitutional pro-
vision.

We have not overlooked the fact that there may be
statutory provisions for the breaking of a deadlock in a

deliberative body which is purely the creature of the legislatuee, since its having the power to create the body, to prescribe its duties and methods of transacting business, it may also provide for the breaking of a deadlock in the membership of its own creature; and it is the difference between a legislatively created and a constitutionally created body that differentiates the cases relied on from this one, since they all deal with creations of the legislature. We, therefore, conclude that in so far as the new act attempted to vest power and authority in only two of the commissioners to transact the business of the court of which they were members after the existence of a deadlock for fifteen days was and is in violation of section 144 of the Constitution and, therefore, void.

The next question is whether the provision in both the old and new acts with respect to the appointment of officers or employees whose election and appointment rest with the fiscal court, by the county judge in the one case and two commissioners in the other, after fifteen days' futile effort to elect or employ is for the same or any other reason invalid. The trial court held that they were, and its ruling in so holding as to both acts is presented for review by these appeals. Manifestly, section 144 of the Constitution necessarily vested in the fiscal court as the governing authority of the county all matters relating to its business or governmental affairs; but there is nothing in that section remotely intimating that the fiscal court should have exclusive or any power or authority to elect or appoint statutory county officers or agents which might thereafter be created by the General Assembly and whose election or appointment might in the first instance be lodged with any administrative officer or agency that the legislature might designate for the purpose. Sibert v. Garrett, 197 Ky. 17, and cases therein referred to. If, therefore, the fiscal court, being lawfully vested with the authority to elect or appoint such officers or employees, should fail to do so after fifteen days' effort, we see no legal impediment to the right and power of the legislature to provide a means by which the appointment should be made, which, after all, is in the nature of filling a vacancy, since both statutes, in effect, declare that after fifteen days' fruitless effort on the part of the fiscal court to discharge that duty a situation exists similar to that of a vacancy. We, therefore, conclude that the court erred in declaring the portions of the two acts now under consideration invalid.

The next and last question for consideration is whether the portion of the new act which we have held to be valid may be upheld and enforced notwithstanding that part of it providing for the transaction of the business of the fiscal court by two members of the commissioners in case of a tie or deadlock for fifteen days is invalid, as we have also herein held. The general rule on the subject is thus stated in 36 Cyc. 976: "It is elementary that the same statute may be in part constitutional and in part unconstitutional, and if the parts are wholly independent of each other that which is constitutional may stand while that which is unconstitutional will be rejected." The rule is subject to several important limitations, one of which is that if the constitutional and unconstitutional provisions are so connected and interdependent in subject matter, meaning and purpose, "that it can not be presumed that the legislature would have passed the one without the other, then the whole act must fail." Among the first cases in this court recognizing that doctrine is that of Gayle v. Owen County Court, 83 Ky. 61, where Judge Pryor in writing the court's opinion said: "The fact that some one or more provisions of an act are unconstitutional does not invalidate so much of the act as is not open to constitutional objection, when, if the objectionable features are stricken out, the law can be enforced or is still a complete law." The statement of the rule, as made by Judge Pryor in that opinion, is referred to with approval in the cases of Commonwealth v. Hatfield Coal Co., 186 Ky. 411, on page 422; Neutzel v. Williams, 191 Ky. 351, on page 359, and numerous other cases referred to in those two. So that, according to that rule our inquiry is whether the portions of the amendment to section 1850 of our statute put into it by the new act, the one relating to the election or appointment of county officers or employees, and the other relating to the conducting of the general business of the fiscal court are so connected and interdependent as that the legislature would not have enacted the one without the other; or whether they are wholly disconnected and independent in regard to their subject matter and to such an extent that the one may be upheld and the other discarded, upon the theory that the legislature will be presumed to have so intended. The latter conclusion it seems to us is inevitable, since, as we have seen, the election and appointment of county statutory officers is not necessarily a part of the functions of a fiscal court, and

it is vested by the statutes with such power independently of its duties as a fiscal court, just as a county judge may be so invested independently of his general official duties. The subjects are entirely unrelated, separate and distinct, and we can discern no obstacle in the way of our presuming that the legislature would have enacted the one without the other, since neither provision has any connection with or is in any wise dependent upon the other. It results, therefore, that the judgment of the trial court in so far as it held that two commissioners could not, under the provisions of the new act, transact the regular business of the fiscal court was proper, but in so far as it held that the same commissioners could not appoint the officers or employees following the measured fruitless effort of the fiscal court to do so, was erroneous. And it also follows that in so far as it held that the provisions in the old act for the county judge to make such appointments under the same circumstances was unconstitutional was also error, although that question has no practical effect in view of our conclusions with reference to the new act.

Wherefore, the judgment in the first case is reversed in part and affirmed in part; and in the second case it is reversed with directions to render judgment in accordance with the views and conclusions herein expressed.

Whole court sitting.