## Louisville & N. R. Co. v. City of Hazard et al.

March 25, 1947.

S. M. Ward, Judge.

C. S. Landrum, C. E. Rice, Jr. and Craft & Stanfill for appellant.

W. E. Faulkner and Jesse Morgan for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Reversing.

On February 28, 1944, the Board of Commissioners of Hazard, a city of the fourth class, passed the following ordinance:

"Be It Ordained by the Board of Commissioners of the City of Hazard, Kentucky,

## 1.

That all railroad companies owning and operating railroad lines, engines, trains and cars within the corporate limits of the City of Hazard, be required to keep on all engines and trains which are operated over and across any street, alley or public way of the City of Hazard in addition to the engineer and fireman a yard conductor, foreman or road conductor and two brakemen or a yard foreman and two switchmen and that in moving and operating of engines and trains across streets, alleys and public ways of the City of Hazard a guard or flagman be stationed at such crossings in each instance this to be interpreted that they may use a man from the regular crew to protect the movement over the crossing at this time.

## 2.

Any railroad company or common carrier operating trains as aforesaid violating this ordinance shall be fined upon conviction not less than $5.00 nor more than $15.00 in each instance.

## 3.

This ordinance is intended as a safety measure."

The Louisville & Nashville Railroad Company owns and operates a line of railroad which passes through the City of Hazard and crosses some of its streets. The railroad is across the North Fork of the Kentucky River from the main business and residential sections of the City. The Railroad Company brought this action under the Declaratory Judgment Act, 639a—1 et seq., Civil

Code of Practice, to have the ordinance declared invalid and for a declaration of rights. The circuit court declared all of section 1 of the ordinance invalid except the following: "* * * and that in moving and operating of engines and trains across streets, alleys and public ways of the City of Hazard a guard or flagman be stationed at such crossings in each instance * * *" The Railroad Company appeals, and argues that (1) The invalid portion of the ordinance makes the whole of the ordinance invalid; and (2) the ordinance is invalid because it is unreasonable, arbitrary, and was enacted by the Commissioners without express authority from the Legislature.

There is no cross-appeal, but there can be no doubt that the circuit court correctly declared invalid the portion of the ordinance requiring railroad companies to keep certain crewmen on all engines and trains which are operating over and across any street, alley or public way of the City. There is no provision in the Statutes relating to cities of the fourth class which confers such power on the legislative body of a city. KRS 96.070 provides that the legislative body of any city of the fourth class may compel any railroad company to erect and maintain gates at street crossings and prevent railroads from obstructing public ways of the city, but nowhere is the city given authority to compel a railroad to employ additional crewmen on its engines or trains. A municipality possesses only such powers as are expressly granted to it, those which are necessarily implied in or incident to the powers expressly granted, and those which are essential to the accomplishment of the declared objects and purposes of the corporation. Miller v. City of Georgetown, 301 Ky. 241, 191 S. W. 2d 403; George v. City of Raceland, 279 Ky. 316, 130 S. W. 2d 825; Chesapeake & Ohio Railway Company v. Harmon, 153 Ky. 669, 156 S. W. 121, 45 L. R. A., N. S., 946.

Considerable proof was introduced, apparently in an effort to show that the enactment of the ordinance was actuated by an unreasonable, arbitrary and capricious spirit in the hope of personal profit or gain. The moving spirit in the enactment of the ordinance was J. C. Petrey, a City Commissioner and also an employee of the Louisville & Nashville Railroad Company. Petrey

was a yard foreman, and it is obvious from the evidence that it was his purpose to require the use of an additional man on the switching crews who would relieve him of actual work and make him a supervisor. There are eleven grade crossings within the City, but most of these are over spur tracks leading to coal mines in the vicinity and are little used except one which crosses the main track near the railroad station. This crossing is on a state highway which carries considerable traffic, but the proof fails to establish that it is unusually dangerous. Due to its proximity to the station and the freight yards, trains travel at a very slow speed at this point. It is conceded that there has never been a crossing accident within the corporate limits of Hazard since the railroad was constructed in 1912. About eight trains pass over the main track each way during the day, and one or two and never more than three pass over the spur tracks each way. In Illinois Central Railroad Company v. McGuire's Adm'r, 239 Ky. 1, 38 S. W. 2d 913, it was held that cities of the fourth class have authority, under the provisions of KRS 96.070, to compel a railroad company to maintain a flagman or watchman at street crossings. The opinion in that case is not assailed, but it is argued that the Board of Commissioners of the City of Hazard acted in an unreasonable, arbitrary and capricious manner and from improper motives in enacting the ordinance, and the whole ordinance therefore should be declared invalid. Town of La Grange v. Overstreet, 141 Ky. 43, 132 S. W. 169, 31 L. R. A., N. S., 951, is cited. We do not reach the question, since we have concluded that the invalid portion of the ordinance renders the whole of the ordinance invalid. It is a fundamental principle that a statute or ordinance may be valid in one part and invalid in another part, and that if the invalid part is severable from the rest the part which is valid may be sustained. State Board of Election Commissioners v. Coleman, 235 Ky. 24, 29 S. W. 2d 619. On the other hand, where all of the provisions of a statute are so connected that it cannot be presumed the legislative body would have passed one without the others, the whole statute falls. Martin v. High Splint Coal Company, 268 Ky. 11, 103 S. W. 2d 711. The rule is stated as follows in Gibson v. Commonwealth, 209 Ky. 101, 272 S. W. 43, 44:

"Generally, invalid sections of a statute may be eliminated without affecting valid portions, if the valid portions are so clearly separable from the invalid ones that they can stand, and be operative without the assistance of the invalid ones; but if the valid and invalid provisions are so dependent, each upon the other, or so connected, each with the other, as to warrant the belief that the Legislature intended them as a whole, and would not have enacted the statute unless all provisions could be carried in effect, the whole of the statute must fail."

It will be noted that section 1 of the ordinance passed by the Board of Commissioners of the City of Hazard is composed of one sentence, and the part of the ordinance declared valid by the circuit court is part of that sentence. It is obvious from a reading of the ordinance that the primary purpose of the Board of Commissioners was to compel the Railroad Company to use additional men on the switching crews, and it will not be presumed that the Board would have passed the ordinance without the provisions held invalid by the circuit court. It was not the purpose of the Board of Commissioners to require the Railroad Company to maintain flagmen at all of the crossings regardless of the nature or extent of their use, but the Board contemplated that the additional member of each switching crew required by the ordinance would act as flagman. We conclude that the court erred in holding any portion of the ordinance valid.

The judgment is reversed with directions to enter a judgment in conformity herewith.