**CITY OF PINEVILLE, Appellant,**

**v.**

**Jim FARROW, Appellee.**

Court of Appeals of Kentucky.

Nov. 19, 1954.

Cleon K. Calvert, Pineville, for appellant.

Robert R. Boone, Pineville, for appellee.

STANLEY, Commissioner.

Jim Farrow was fined $10 and costs by the police court of Pineville for public drunkenness. The court further adjudged that he should execute a $500 bond to keep the peace or behave himself for a period of six months and if the fine should not be paid or the bond executed, that he should satisfy the same by being confined in jail at the rate of $2 a day. KRS 26.440, 26.480. The accused did not pay the fine or execute the bond. After serving sufficient time to satisfy the fine and costs, he sought release from jail upon a writ of habeas corpus. The circuit court held the police court of Pineville, which is a city of the fourth class, did not have jurisdiction to require the peace bond and consequently to commit the defendant to jail in default of its execution. The writ was granted. The City of Pineville appeals.

A decision in the case poses questions of validity or of construction of a 1954 act of the General Assembly which amended KRS 26.440. Chapter 197, Acts of 1954. Before amendment, that statute read: "In cases of drunkenness or disorderly conduct, the *police courts in cities of the first and fourth classes* may, in addition to imposing a fine, require the offender" to give bond "to keep the peace or be of good behavior," etc. (Emphasis added.) The section, as amended, reads: "In cases of drunkenness or disorderly conduct, the *police courts in counties containing a city of the first and fourth class* may" do so. (Emphasis added.) There is a great difference. The amendment authorized the re-

quirement of peace bonds by police courts of counties in which there is situated both a first and a fourth class city, and only by such courts. Jefferson is the only county in the state in which the statute applies.

The legislative history is of interest. The title of the bill, introduced in the House of Representatives, is, "An act relating to the disposition of persons convicted of crime in police courts in cities of the first and fourth classes." The bill contained the same clause as the existing section of the statute, and consequently conformed to the title. But upon being given its third reading, the clause was amended by voice vote to read, "police courts in counties containing a city of the first and fourth class". The bill was then passed and sent to the Senate where it was enacted without change. The bill, as introduced and as enacted, eliminates references to confinement in the workhouse if the city is of the first class and provides the confinement shall be in the "workhouse, station house or county jail" of any city. The real purpose of the act seems to have been to make major changes in KRS 26.-450, which relates to first class cities exclusively. One of the changes so made was to incorporate as paragraph 4 a similar provision which authorized the police court in a city of the first class to require a peace bond.

It seems to us the amendment as it affected KRS 26.440 offends the Constitution in two respects.

■ The title of the act related, as shown above, to police courts of the first and fourth class cities exclusively while the body of the act affected police courts in all classes of cities. It withdrew authority to require a peace bond from all police courts of fourth class cities except those located in a county which had both cities of the first and fourth classes and at the same time gave the authority to all police courts in such counties without regard to the class of the city in which the court sits. The title of the act, as passed, is deceptive and does not conform to the

requirements of Section 51 of the Constitution, which requires that a law enacted by the General Assembly " 'shall be expressed in the title.' " Engle v. Bonnie, 305 Ky. 850, 204 S.W.2d 963, 964.

■ The other vice in the act is that it makes an arbitrary distinction between police courts, so that it violates Sections 59 and 60 of the Constitution prohibiting the enactment of local or special laws. It comes close to being within the express prohibition against local or special acts regulating the punishment of crimes and misdemeanors, Section 59, Fourth Paragraph, but we pass over that point. The Constitution permits classification of cities and legislation uniformly pertaining to a class of municipalities. Section 156. But there is no specific authority to classify counties, and the fact that a county embraces a city of a certain class is not alone a sound basis for such distinction. "Notwithstanding this omission from the Constitution and the apparent requirement of uniformity, this court has held, under a broad interpretation, that certain class legislation for counties based upon population is valid where the classification can be deemed reasonable or rational under the particular circumstances to which the law applies." Metcalf v. Howard, 304 Ky. 498, 201 S.W.2d 197, 201. Under this general construction of the Constitution we have held, for example, invalid an act which authorized and made it the duty of the county board of health in counties embracing cities of the fifth class and having a "community hospital" to make a contract with such a hospital. Community Hospital v. Barren County Fiscal Court, 244 Ky. 672, 52 S.W.2d 896. Other cases are cited in that opinion. A later case is Wehrman v. Steltenkamp, 304 Ky. 409, 200 S.W.2d 949, in which we held invalid an act providing civil service and pensions for county employees in counties containing a city of the second class having a population of more than 80,000. In the present case, we perceive no sound or reasonable basis for authorizing *all* police courts in counties containing both a first and fourth class city to require a bond to keep the peace while withholding such authority from all other police courts in the state.

■ It is a fundamental principle that a legislative act may be constitutional in one part and unconstitutional in another part, and if the invalid part is reasonably severable or divisible from the rest, the part which is constitutional may stand. This, however, is subject to the corollary that it may be presumed the Legislature would have enacted the separated valid portion of the act. Neutzel v. Williams, 191 Ky. 351, 230 S.W. 942; Kirchdorfer v. Tincher, 204 Ky. 366, 264 S.W. 766, 40 A.L.R. 801; Louisville & N. R. Co. v. City of Hazard, 304 Ky. 370, 200 S.W.2d 917. The invalidity of the amendment to KRS 26.440 by the act of 1954 has no effect on the amendment to KRS 26.450. Its validity or construction is not before us.

The existing statute, KRS 26.440, was not repealed or amended by this unconstitutional portion of the act. Burnam v. Commonwealth, 228 Ky. 410, 15 S.W.2d 256; Commonwealth v. Malco-Memphis Theatres, 293 Ky. 531, 169 S.W.2d 596. It follows, therefore, that under that statute the order of the police court of Pineville which required execution of the bond to keep the peace was valid, and the judgment of the circuit court that the petitioner was entitled to release on the writ of habeas corpus is erroneous.

Judgment is reversed.