Ewell L. HALL, Jr., and Harry V. Mohney,
Appellants,

v.

COMMONWEALTH of Kentucky ex rel. Edwin A. SCHROERING, Jr., etc.,
Appellee.

Court of Appeals of Kentucky.

Jan. 18, 1974.

David Kaplan, Stuart L. Lyon, Louisville, Robert Eugene Smith, Towson, for appellants.

Edwin A. Schroering, Jr., Commonwealth's Atty., Frank Coryell, Asst. Commonwealth's Atty., Louisville, for appellee.

STEPHENSON, Justice.

This is an appeal from a permanent injunction issued by the Jefferson Circuit Court against Hall and Mohney.

Hall and Mohney operated a business known as "Adult News" at 301 West Jefferson Street, Louisville, Kentucky. Prior to the institution of the action for injunction, Hall and Mohney were arrested on various occasions for violating KRS 436.101 and KRS 436.090 (obscenity statutes). These arrests occurred after the purchase by police officers of materials and

publications offered for sale by Hall and Mohney. The Commonwealth's attorney of Jefferson County filed suit in Jefferson Circuit Court asking that Hall and Mohney be enjoined as a public nuisance for violating the provisions of KRS 436.101 and KRS 436.090. After a hearing on the motion for temporary injunction, the trial court filed extensive findings of fact, conclusions of law and opinion and entered an order temporarily enjoining Hall and Mohney from violating Chapter 436 of the Kentucky Revised Statutes. Later a trial was held on the motion for permanent injunction. After hearing the evidence and argument of counsel and considering briefs, the trial court entered supplemental findings of fact, conclusions of law and opinion finding that all but three of the items presented in evidence were obscene. Hall and Mohney were then permanently enjoined from selling, lending, giving away, showing, or advertising in any manner any and all of the following: (1) obscene movie film or movie films; (2) obscene written materials; (3) objects, articles, or instruments of indecent or immoral use or purporting to be for an immoral use. And the use of the building and property located at 301 West Jefferson Street, Louisville, Kentucky, for these purposes was also enjoined.

Shortly after the injunction was issued, officers entered the business operated by Hall and Mohney and after observing the display of books, magazines, and movie films, a motion for rule was filed asking that Hall and Mohney be held in contempt for failure to comply with the prior order of the court permanently enjoining them from violating KRS 436.101 and KRS 436.090. The trial court heard evidence on the motion for rule and issued findings of fact, conclusions of law and opinion holding Hall and Mohney in contempt of court for violating the terms of the permanent injunction and sentenced both to the Jefferson County jail for a period of sixty hours, and then permanently enjoined them from selling, lending, giving away or showing, or offering to sell, lend, give away or show, or having in their possession with intent to sell, lend, give away or show at 301 West Jefferson Street, Louisville, Kentucky, or at any other location in the City of Louisville or Jefferson County, any movie film or movie films, any written or printed materials, including but not limited to books, magazines, periodicals, and newspapers.

■ The first portion of Hall and Mohney's argument is that the temporary injunction and the permanent injunction constitute prior restraint. The answer to this argument is that the materials were purchased and an extensive adversary hearing was held before the issuance of the injunction.

■ Hall and Mohney next argue that the materials are not obscene within the meaning of the first and fourteenth amendments. The trial court found that all the exhibits except three were obscene. KRS 436.101(1)(c) has the following definition: " 'Obscene' means that to the average person, applying contemporary standards, the predominant appeal of the matter, taken as a whole, is to prurient interest, a shameful or morbid interest in nudity, sex, or excretion, which goes substantially beyond customary limits of candor in description or representation of such matters." The test for obscenity was first established in Roth v. United States, 354 U.S. 476, 77 S. Ct. 1304, 1 L.Ed.2d 1498, in which it was held that obscene material is "material which deals with sex in a manner appealing to prurient interests" and that such material is not protected by the first amendment. A new test was laid down by the United States Supreme Court in Miller v. California, 413 U.S. 15, 93 S.Ct. 2607, 2615, 37 L.Ed.2d 419 (decided June 21, 1973):

"The basic guidelines for the trier of fact must be: (a) whether 'the average person, applying contemporary community standards' would find that the work, taken as a whole, appeals to the prurient interest, Kois v. Wisconsin, *supra,* 408 U.S. 229 at 230, 92 S.Ct. 2245

at 2246, 33 L.Ed.2d 312 (1972), quoting Roth v. United States, *supra*, 354 U.S. at 489, 77 S.Ct. at 1311 (1957), (b) whether the work depicts or describes, in a patently offensive way, sexual conduct specifically defined by the applicable state law, and (c) whether the work, taken as a whole, lacks serious literary, artistic, political or scientific value. We do not adopt as a constitutional standard the *'utterly* without redeeming social value' test of Memoirs v. Massachusetts, *supra*, 383 U.S. 436, at 419, 86 S.Ct. 1602, at 977, 16 L.Ed.2d 694 (1966); that concept has never commanded the adherence of more than three Justices at one time."

From the extensive findings of fact and conclusions of law rendered by the trial court, we find substantial compliance with the guidelines set out in Miller v. California, supra, and these findings will not be disturbed.

■ This court has held KRS 436.101 to be constitutional. The last case so saying is Johnson v. Commonwealth, Ky., 475 S.W.2d 893 (1972). This statute (KRS 436.101) conforms to the test laid down by the United States Supreme Court in Miller v. California, supra. We conclude that the trial court was correct in holding that the materials introduced as exhibits were obscene within the meaning of KRS 436.101, and the trial court acted properly in finding Hall and Mohney guilty of contempt for violation of the permanent injunction.

■ Next Hall and Mohney argue that injunctive relief is not proper in circumstances such as these. The record reveals that on numerous occasions Hall and Mohney were arrested in the conduct of their business at 301 West Jefferson Street in Louisville for violation of KRS 436.101 and KRS 436.090. This court was presented with an analogous situation in Goose v. Commonwealth, 305 Ky. 644, 205 S.W.2d 326 (1947). There the police had on numerous occasions raided a gambling establishment in Louisville, Kentucky, owned by William Goose and Luther Goose. There had been a number of arrests on charges of suffering gambling on the premises together with other offenses. The Commonwealth sought and obtained an injunction against Goose, and this court stated at page 328:

"Courts of equity will not ordinarily enjoin the commission of a crime. The statutes themselves are standing injunctions. But the mere fact that the act constituting a nuisance is also a crime does not hinder the use of the civil processes to procure its abatement where the use of property is a part. There may also be a remedy by indictment and upon conviction an abatement by order of the criminal court where the nuisance may be of a continuing character. This remedy is sometimes confused with the other. But there is a clear distinction between enjoining an individual from committing a crime and enjoining him from using his or another's property so as to make it a nuisance to others, and between a proceeding in equity to abate a nuisance and a criminal prosecution to punish the offender for maintaining it.

\* \* \* \* \* \*

"Though aimed at the use of specific property, the injunction operates upon the person of those who shall so use it and may be executed by process of contempt. And no subterfuge will be tolerated."

We conclude that the reasoning of Goose, supra, is analogous to the situation here and that Hall and Mohney were properly enjoined from violating KRS 436.101 and KRS 436.090.

■ Finally, we conclude that the trial court exceeded its authority when, after holding Hall and Mohney in contempt and committing them to jail for violation of the permanent injunction, it entered an overbroad order permanently enjoining them from selling, lending, giving away or showing or offering to sell, lend, give away or show at 301 West Jefferson Street,

Louisville, Kentucky, or any other location in the City of Louisville or Jefferson County any movie or movie films, any written or printed materials, including but not limited to books, magazines, periodicals, and newspapers. The trial court's authority extended to violations of KRS 436.101 and KRS 436.090, and to that extent the first permanent injunction issued herein is valid.

The judgment of the Jefferson Circuit Court is affirmed to the extent that it permanently enjoins Hall and Mohney from violating the provisions of KRS 436.101 and KRS 436.090 and reversed to the extent that it by order permanently enjoined Hall and Mohney from engaging in a business including the sale of any movies or written or printed materials in Louisville or Jefferson County.

OSBORNE, C. J., and JONES, MILLI-KEN, PALMORE, REED, STEINFELD, and STEPHENSON, JJ., sitting.

All concur.