Joseph MATTINGLY, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellant.

Callie HUNDLEY, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

Nos. 92–CA–27–MR, 92–CA–1269–MR.

Court of Appeals of Kentucky.

Oct. 1, 1993.

Rehearing Denied Dec. 3, 1993
in No. 92–CA–1269–MR.

Discretionary Review Denied
and Case Ordered Published by
Supreme Court June 15, 1994.*

* Leibson, J., would grant discretionary review.

John R. Halstead, Asst. Public Advocate, Burgin, for Callie Hundley.

Ephraim W. Helton, Helton & Helton, Danville, for Joseph Mattingly.

Chris Gorman, Atty. Gen., Kent T. Young, Asst. Atty. Gen., Frankfort, for appellee.

Before HOWERTON, JOHNSTONE and WILHOIT, JJ.

WILHOIT, Judge.

The appellant Callie Hundley was found guilty, but mentally ill, of the offense of use of a minor in a sexual performance, for which she received a sentence of ten years' imprisonment. The appellant Joseph Mattingly pled guilty to the offense of facilitating the promotion of the use of a minor in a sexual performance, which received a sentence of five years' imprisonment. He reserved the right to appeal as to the constitutionality of the statute under which he was charged and, of course, thereby waived all other defenses except that the indictment failed to charge an offense. *See Corbett v. Commonwealth*, Ky., 717 S.W.2d 831 (1986). The charges arose from a series of photographs that Hundley had Mattingly take of her eleven-year-old daughter. The photographs depicted the girl in various stages of undress, including totally nude.

The appellant Mattingly was originally charged with having committed the offense of Promoting a Sexual Performance by a Minor "when he photographed her in an intentional exhibition of her genitals; or depicting her unclothed pubic area, buttocks or breasts in an obscene manner ...," in violation of KRS 531.320. Because the minor was less than 16 years old at the time of the alleged performance, the charge was a Class B felony. At the sentencing phase of his trial, and while the jury was deliberating, this appellant was permitted to plead guilty to an amended charge of criminal facilitation of the use of a minor in a sexual performance, a Class D felony. *See* KRS 506.-080(2)(a). He reserved the right to appeal the constitutionality of KRS 531.320 which he had attacked unsuccessfully in the trial court.

The appellant Hundley was charged with inducing her child "to engage in a sexual performance in which she posed for photographs in an intentional exhibition of her genitals or depicting her unclothed pubic area, buttocks or breasts, in an obscene manner...." At the sentencing phase of her trial, she, too, requested that she be allowed to plead guilty to a Class D felony so as to be treated the same as Mr. Mattingly.

The appellants argue that KRS 531.310 and 531.320 are unconstitutionally vague and overbroad because they do not fairly warn what conduct is proscribed and they can be interpreted as proscribing the depiction of simple nudity.

KRS 531.320 provides that a person is guilty of promoting a sexual performance by a minor when, knowing the character and content of a performance, "he produces, directs or promotes any performance which includes sexual conduct by a minor." KRS 531.300(4) defines "sexual conduct by a minor" as:

(a) Acts of masturbation, homosexuality, lesbianism, bestiality, sexual intercourse, or deviant sexual intercourse, actual or simulated;

(b) Physical contact with, or willful or intentional exhibition of the genitals;

(c) Flagellation or excretion for the purpose of sexual stimulation or gratification; or

(d) The exposure, in an obscene manner, of the unclothed human male or female genitals, pubic area or buttocks, or the

female breast, whether or not subsequently obscured by a mark placed thereon, or otherwise altered, in any resulting motion picture, photograph or other visual representation, exclusive of exposure portrayed in matter of a private, family nature not intended for distribution outside the family[.]

The appellants point to subsection (4)(b) of the definitional statute as rendering KRS 531.320 overbroad. According to them, the inclusion of "intentional exhibition of the genitals" within the definition of "sexual conduct of a minor" would criminalize simple nudity which is not permitted under the First Amendment to the United States Constitution.

The Supreme Court of the United States has stated that "[t]he prevention of sexual exploitation and abuse of children constitutes a government objective of surpassing importance." *New York v. Ferber,* 458 U.S. 747, 757, 102 S.Ct. 3348, 3354, 73 L.Ed.2d 1113 (1982). For this reason, that Court concluded that child pornography, specifically the portrayal of sexual acts by children or lewd exhibitions of genitalia by children, does not come under the protection of the First Amendment. *Id.,* 458 U.S. at 764, 102 S.Ct. at 3358. Furthermore, the constitutional test for child pornography is different from that for obscenity in that with child pornography a trier of fact need not find that the material appeals to the prurient interest of the average person; the sexual conduct portrayed need not be done so in a patently offensive manner; and the material at issue need not be considered as a whole. *Id.* Nevertheless, even in the context of child pornography "depictions of nudity, without more, constitute protected expression." *Osborne v. Ohio,* 495 U.S. 103, 112, 110 S.Ct. 1691, 1697, 109 L.Ed.2d 98 (1990).

■ To the extent that KRS 531.310 or 531.320 read in conjunction with KRS 531.-300(4)(b) might be said to make a crime of the depiction of the mere nudity of a minor, it would certainly run afoul of the First Amendment. Even though this would be so, the other conduct set out in the definitional section does not enjoy the protection of the First Amendment, and the appellants were also charged with some of this conduct. If the definition of "sexual conduct by a minor" is unconstitutional only because it includes "willful or intentional exhibition of the genitals," there is no reason why the remainder of the statutory definition should not stand and KRS 531.310 and 531.320 be interpreted accordingly. *See* KRS 446.090; *City of Pineville v. Farrow,* Ky., 273 S.W.2d 56 (1954); *also cf. United States v. Thirty Seven Photographs,* 402 U.S. 363, 91 S.Ct. 1400, 28 L.Ed.2d 822 (1971). Nothing in *Commonwealth v. Ashcraft,* Ky.App., 691 S.W.2d 229 (1985), cited by the appellants, suggests otherwise. We might point out that the jury here was actually instructed that the "sexual conduct by a minor" insofar as exhibition of the genitals was concerned meant "exhibition ... in an obscene manner."

■ The appellants also argue that the definitional section applying to KRS 531.310 and 531.320 is unconstitutionally vague. One of the grounds they advance for this proposition is identical to that raised but rejected by the Kentucky Court in *Payne v. Commonwealth,* Ky., 623 S.W.2d 867 (1981). The appellant Hundley maintains that KRS 531.-310 is unconstitutionally vague because the definition of the word "obscene" set out in KRS 531.300 contains the word "prurient" and does not further define that word. This position is untenable. The word "prurient" was used by the Supreme Court in the three-prong test for obscenity announced in *Miller v. California,* 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973). It apparently did not occur to the Court at that time, and it has not occurred to it since, that the word "prurient" is unconstitutionally vague. We are certainly in no position to hold otherwise. *See also Hall v. Commonwealth,* Ky., 505 S.W.2d 166 (1974).

■ Also, Ms. Hundley maintains that KRS 531.310 is invalid because it does not require a mental state for its violation, thereby violating the requirement set out in *New York v. Ferber, supra,* that in obscenity cases as well as child pornography cases criminal responsibility may not be imposed without some element of scienter on the part of the defendant. The statute is violated if a defendant "employs, consents to, authorizes or in-

duces a minor to engage in a sexual performance," KRS 531.310(1). Thus, it appears to proscribe conduct by a defendant whose conscious objective is to bring about or facilitate by consent the sexual performance of a minor. The culpable mental state for violation of this statute is, therefore, intent. *See* KRS 501.020(1) and KRS 501.040.

■ Additionally, Ms. Hundley claims that she was denied due process and equal protection of the law because the prosecutor refused to agree to amend the charge against her to a Class D felony as he had done for Mr. Mattingly. We cannot agree. Ms. Hundley was not "equally situated with her co-defendant" as she argues on appeal. She was the mother of the child, charged with her custody and care, and in a position to exert compelling influence over her. There was evidence from which it readily could be found that Ms. Hundley was much more culpable in bringing about the child's performance than was Mr. Mattingly.

■ Finally, Hundley claims that the Commonwealth committed reversible error by misstating the law on insanity during closing argument. KRS 504.020(1) sets forth the defense of insanity as follows:

> (1) A person is not responsible for criminal conduct if at the time of such conduct, as a result of mental illness or retardation, he lacks substantial capacity either to appreciate the criminality of his conduct or to conform his conduct to the requirements of law.

A defendant who relies on a defense of insanity must prove that at the time of the offense, as a result of mental disease or defect, he was "unable to appreciate the wrongfulness of his conduct or to resist his impulse to commit the illegal deed." *Edwards v. Commonwealth*, Ky., 554 S.W.2d 380, 383 (1977). During closing argument, the prosecutor made the following statement:

> Now, you know, they—First thing I think you have to understand is that they're talking about appreciate [sic] the criminality of the conduct. They would like to tell you that Callie Hundley didn't consider the taking of nude photos, she didn't consider that to be a crime. Again, that's not the

test. The test is can she discriminate between right and wrong, not whether or not she thinks that posing for nude photographs is a crime.

Later, the prosecutor stated that "[t]he question is whether or not she had the ability to discern right from wrong." Contrary to the Commonwealth's assertion, the defense timely objected and was overruled by the trial court. The appellant argues that the prosecutor misstated the test for insanity as being whether she knew right from wrong generally, as opposed to whether she appreciated the wrongfulness of posing her daughter for photographs.

It is clear that the prosecutor misstated the law on insanity by telling the jury that the test was whether Hundley knew right from wrong. That misstatement was magnified by the prosecution's references to Hundley's law-abiding life, which, it argued, showed "[s]he had apparently known the difference between right and wrong." In light of the very strong case for insanity presented by Hundley, we cannot conclude that the prosecutor's misstatement of law was harmless beyond a reasonable doubt.

In the event this case may be retried, we should point out that, as a matter of law, we believe not all, and perhaps not most, of the photographs of the minor contained in the record could be found to be "obscene" in that the predominant appeal of each of them "taken as a whole is to a prurient interest in sexual conduct by a minor." KRS 531.300(3). Care should be taken to ensure that, if a guilty verdict is returned, it is based only upon those pictures which the jury could reasonably find to appeal as a whole to a prurient interest in sexual conduct by minors.

The judgment of the trial court is affirmed as to the appellant Mattingly and reversed as to the appellant Hundley, whose case is remanded for a new trial.

JOHNSTONE, J., concurs.

HOWERTON, J., concurs in result.